JOHN WILSON v. THE STATE.

*No. 68. Decided April 8.*

1. **Continuance — Bill of Exception.**—The overruling of an application for continuance will not be revised on appeal where a bill of exceptions to the ruling was not taken in the lower court.

2. **Exceptions to Evidence.**—A bill of exceptions which merely recites that the evidence was offered by the State, but which does not affirmatively show that the evidence was admitted and went before the jury, is wholly insufficient, and this court will not be called upon to determine the admissibility of such testimony.

3. **Challenge to Juror.**—The fact that a defendant has been compelled to exhaust a peremptory challenge where he has unsuccessfully challenged a juror for cause, presents no cause for revision, where the bill of exceptions fails to show that defendant exhausted all his peremptory challenges, and that an objectionable juror was empanelled.

4. **Evidence—Unrecorded Bill of Sale.**—That an unrecorded bill of sale, executed in favor of the alleged owner, conveying all cattle in a certain brand, and which brand had been placed upon the animal alleged to have been stolen, is legitimate testimony on trial for theft of said animal, is not an open question in this State.

5. **Argument of Counsel—Practice on Appeal.**—Improper argument, or objectionable remarks, made in the discussion of a case before the jury, should be excepted to at the time, and a charge also asked instructing the jury to disregard such remarks in order to require a revision of that matter on appeal. It is usually too late to urge such objection after trial.

6. **Charge of the Court.**—See a charge of the court which was held, not to be upon the weight of evidence in construing and limiting the effect and probative force of an unrecorded bill of sale, admitted in evidence.

APPEAL from the District Court of Wilbarger. Tried below before Hon. J. A. LUCKY, Special Judge.

Appellant and one C. T. Doan were jointly indicted for the theft of one head of cattle, the property of Charles A. Wright and Joe Wright.

Appellant Wilson being alone placed upon trial, he was found guilty, and his punishment assessed at two years confinement in the penitentiary.

It is deemed unnecessary to state the testimony in the case.

The charge of the court with regard to the bill of sale, which was excepted to by the defendant as being upon the weight of evidence, is as follows: "You are instructed, that the bill of sale from Mrs. H. E. McKinney and S. F. Borden to Joe Wright and C. A. Wright is sufficient to constitute the said Joe Wright and C. A. Wright the owners of all the cattle actually delivered to the said Joe Wright and C. A. Wright under said bill of sale, and having on them the brand described in said bill of sale. An unrecorded brand is not alone sufficient evidence of the ownership of the animal alleged to have been taken, but is competent to be taken as a circumstance, in connection with other facts and circumstances of the delivery of said animal, going to establish the ownership of said animal under the said bill of sale."

No briefs have come into the hands of the Reporter.

DAVIDSON, JUDGE.—1. Having failed to reserve a bill of exceptions to the action of the court overruling his application for a continuance, defendant is not entitled to a revision of that question on appeal.

2. This court is not called upon to determine the admissibility of testimony when the bill of exceptions merely recites that it was offered by

the State.    It should be made affirmatively to appear in the bill that the evidence was admitted and went before the jury.    Burke v. The State, 25 Texas Cr. App., 172; Willson's Crim. Stats., sec. 2368.

3. Defendant's challenge for cause to one of the jurors tendered him having been overruled by the court, he excepted, and peremptorily excused said juror.    Inasmuch as the bill of exceptions fails to show that defendant was in any way injured, there was no error in this ruling. The defendant did not exhaust his peremptory challenges, nor was an objectionable juror empanelled.    Willson's Crim. Stats., sec. 2293.

4. Over defendant's objection, the State was permitted to introduce in evidence an unrecorded bill of sale, executed in favor of the alleged owner, conveying all cattle in a certain brand, and which brand had been originally placed upon the cow charged to have been stolen.    That such testimony is admissible is not an open question in this State.    Morrow v. The State, 22 Texas Cr. App., 248; Tittle v. The State, 30.Texas Cr. App., 597; Thompson v. The State, 26 Texas Cr. App., 466.

5. One of the grounds set up in the motion for a new trial is the alleged improper remarks of the district attorney to the jury during his opening argument.    This is in no way verified, either by bill of exceptions or otherwise.    Improper argument or objectionable remarks made in the discussion of a case before the jury should be excepted to at the time, and a charge asked instructing the jury to disregard such remarks, in order to require a revision of that matter on appeal; and usually it is too late to urge such objection after the trial.    Willson's Crim. Stats., sec. 2321.

6. The charge of the court is not subject to the criticism, that it is upon the weight of the evidence in construing and limiting the effect and probative force of. the unrecorded bill of sale admitted in evidence.    As given, it is, in the light of the testimony, favorable to defendant.

The testimony, we think, is sufficient to support the conviction.    The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.