### CHARLES NORRIS v. THE STATE.

#### No. 107.   Decided May 20.

**1.  Continuance — Absent Testimony not Probably True.**—On a trial for murder, where an application for continuance was to procure the testimony of three witnesses, by whom it was expected to prove previous threats by deceased against the life of defendant, and hostile demonstrations by him at the time of the shooting: *Held*, the application was properly refused, it not being probably true, from the other testimony in the case, that these absent witnesses were present at the homicide, and had they testified to hostile demonstrations by deceased, such testimony would not have been probably true, the deceased being unarmed and having no arms about the place at the time he was shot.

**2.  Argument of Counsel — Practice on Appeal.**—If counsel for the defendant provokes improper remarks or argument in reply for the State, defendant will not be heard to complain of such remarks or argument; and in order to have objections to improper remarks or argument revised on appeal, the objection must have been taken at the time, and the court requested to instruct the jury with reference to said remarks or argument.

**3.  Examination of Witnesses — Practice on Appeal.**—Where, on the cross-examination of a witness, he was asked by defendant's counsel if he did not know that deceased, who he had testified was a peaceable, inoffensive man, "had shot at a party in the neighborhood about two years before the homicide," to which question the district attorney objected, and before the court ruled upon the objection, the witness had answered in the negative: *Held*, that the question having been answered, it was unnecessary to discuss the point sought to be raised in the bill of exceptions as to the admissibility of the question.

APPEAL from the District Court of Colorado.   Tried below before Hon. T. H. SPOONER.

Appellant was indicted for the murder of one Dick Carroll, and at his trial was convicted of murder in the second degree, the punishment assessed being five years in the penitentiary.

The important facts pertaining to the homicide are concisely and sufficiently stated in the opinion of the court.

No briefs for either party have come to the hands of the Reporter.

DAVIDSON, JUDGE.—This conviction was for murder in the second degree, with an assessed penalty of five years in the penitentiary.

1. Application for continuance was filed by defendant for the testimony of Wyatt, Williams, and Jones, by whom it was expected to be shown, that they left the employment of defendant through fear on account of threats made by deceased against the life of defendant; that on the morning of the homicide, en route with defendant from his home to Frazier's store, for the purpose of having a settlement with defendant for their wages, and as they reached a point in front of McCall's house, they saw deceased sitting on McCall's gallery; that he placed his hand in a threatening manner in his shirt bosom, as if to carry " into execution the numerous threats against defendant's life, made by him the previous day,'' and that defendant immediately fired upon and killed deceased.    By the evidence it is shown, that several parties were in and about the house at the time, by all of whom it was proved, that defendant came to the house of McCall alone, dismounted, came upon the gallery, and shot deceased while he was blacking his shoes.    As he fired he remarked, "Well, Dick, I suppose you are going to kill me on first sight;'' thus showing that he shot deceased because of previous threats.    Brown, a brother-in-law of and witness for defendant, testifies, that he and the absent witnesses were present at the time of the homicide, as well as to the demonstration on the part of deceased.    By all the other witnesses it was shown that Brown and the parties mentioned in the application were not present; that about fifteen or twenty minutes after the homicide he (Brown), defendant's wife, and Wyatt came to McCall's house, and made inquiry in regard to the circumstances of the killing, and that Brown's testimony before the examining court was different from that detailed by him on the final trial in relation to the homicide.    We are of opinion, that it is not probably true that the absent witnesses were present at the homicide, or that their testimony would have been true had they testified to a demonstration on the part of deceased.    It was incontrovertibly shown that deceased was unarmed at the time he was shot, and that he had no arms about the place, and it is hardly probable that, having threatened to kill defendant on sight, he would have made such a demonstration against his armed foe · when he was himself unarmed.

2. The remarks of the district attorney complained of and set forth in the bill of exceptions were in reply to those made by counsel for defendant. Willson's Crim. Stats., sec. 2321.  Besides, objection was not taken at the time, nor until after the retirement of the jury to consider of their verdict, nor was the court requested to recall and instruct the jury with reference to said remarks.    Kennedy v. The State, 19 Texas Cr. App., 618; Young v. The State, 19 Texas Cr. App., 536; Comer v. The State, 20 S. W. Rep., 547.

3. The witness Mathias, having testified to the inoffensive character of deceased, was on cross-examination asked if he knew or had been informed of the fact that deceased had shot at one Johnson in the same

community where the homicide occurred, about two years prior thereto. The district attorney interposed objection. The court states, in signing the bill of exceptions, that before a ruling was had upon the objection the witness answered in the negative. Inasmuch as the question was answered, it is unnecessary to discuss the point sought to be raised in the bill. We do not think the objections to the charge well taken. The verdict is mild, under the facts proved, and there being no error in the record, the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.