### DAN WRIGHT AND JABEZ WRIGHT V. THE STATE.

No. 1789. Decided December 14, 1898.

**1. Continuance—Bill of Exceptions.**

Unless a bill of exceptions has been reserved to the refusal of a continuance, the matter will not be revised on appeal.

**2. Theft—Principals—Charge.**

It is error to instruct the jury, in effect, that the mere concurrence of the minds of the parties in pursuance of a previously formed design to commit theft constitutes them principals. The Statute requires presence or participancy, or, if not present, the doing of some act in furtherance of the common design, etc., or keeping watch to procure the safety or concealment of the offenders. Following Dawson v. State, 38 Texas Criminal Reports, 50.

**3. Same—Erroneous Charge—Practice on Appeal as to.**

Under provisions of the Act of the Twenty-fifth Legislature, page 17, error in the charge of the court, to be reversible, must not only be such as to injure the rights of the accused, but it must be excepted to at the time of the trial or brought forward in the motion for new trial.

**4. Hog Theft—Charge as to Ownership.**

On a trial for hog theft, where one of the defenses was that the animal was not the property of D., the alleged owner, but was the property of one W., Held, the court properly and pertinently instructed the jury that if the evidence raised in their minds a reasonable doubt as to this matter, to acquit, and a failure to so charge might, had it been properly availed of, have necessitated a reversal.

**5. Same—Evidence.**

See opinion for an epitome of evidence held amply sufficient to support a judgment of conviction for hog theft.

APPEAL from the District Court of Walker. Tried below before Hon. J. M. SMITHER.

Appeal from a conviction for hog theft; penalty, for each appellant, two years imprisonment in the penitentiary.

The evidence is sufficiently stated in summary to be found in the opinion below.

*John C. Williams* and *McKinney & Hill*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellants were convicted of hog theft, and the punishment .of each assessed at confinement in the penitentiary for a term of two years; hence this appeal.

The first assignment of error, predicated upon the refusal of the court to continue the case, will not be revised, because a bill of exceptions was not reserved to its refusal.

Error is assigned upon the following portion of the court's charge: "If you shall believe from the evidence, beyond a reasonable doubt, that defendant Dan Wright, Jr., Jabez Wright, Abram Smith, and Dan Wright, Sr., acted together in the theft of said hogs, if stolen, in pursuance of a common intent, and in pursuance of a previously formed design to steal said hogs, in which the efforts of all of said parties united and concurred, then the defendant and Abram Smith and Dan Wright, Sr., would be principals in the theft of said hogs." This charge was erroneous, and should not have been given. It takes something more than the mere concurrence in the minds of the parties in pursuance of a previously formed design to commit the act of theft to constitute them principals. The statute requires either their presence and participancy, or, if the parties were not actually present, then those not actually present must be doing some act in furtherance of the common design, or they must be engaged in procuring aid or arms or means of some kind to assist in the commission of the offense while the others are executing the unlawful act, or they must be endeavoring at the time of the commission of the offense to secure the safety or concealment of the offenders, or they must employ a child or other person, who can not be punished, to commit the offense, etc. This question has been thoroughly discussed in Dawson v. State, 38 Texas Criminal Reports, 50; Yates v. State (Texas Criminal Appeals), 42 Southwestern Reporter, 296; Bell v. State, 39 Texas Criminal Reports, 677. And see also Penal Code, arts. 74-77. In this case, however, we do not believe the error was of such a character as to prejudice the rights of the defendants, from the fact that the evidence shows that, if the parties were guilty at all, they were all guilty as principals, being actually present and participating in the original taking. The State's testimony shows that the four mentioned parties were bodily actually present and participated in the taking of the hog, and carried it from the place of the killing home, some two and one-half or three miles. Under the recent act of the Legislature, the error in the charge must be calculated to injure the rights of the accused, before this court would be authorized to reverse the judgment. Acts 25th Leg., p. 17. And not only must the error be calculated to injure the rights of the defendant, but it must be excepted to at the time of the trial or on motion for new trial. This matter was brought forward in the motion for a new trial; but inasmuch as, under the peculiar facts of

this case, it was not calculated to injure the rights of the defendants, we would not be authorized to reverse the judgment under the act of the Legislature above cited.

The court also charged the jury: "If you shall believe the hog the defendants are charged with taking was Lizzie Wright's, and not the property of James Dunlap, or if the evidence raises in your minds a reasonable doubt as to whether said hog was the property of Lizzie Wright or of James Dunlap, you will give the defendants the benefit of the doubt, and will acquit them." This charge was made a ground of the motion for a new trial, and is assigned as error here. If this or a similar charge had not been given, and its omission had been a ground of the motion for a new trial, it might have become necessary to reverse the judgment. One of the defenses relied on was that the hog taken was not the property of Dunlap, as charged, but was the property of Lizzie Wright. If, in fact, it was the property of Lizzie Wright, the State would not have been entitled to a conviction under this indictment. This was a direct, pertinent application of the law to the facts relied upon by appellant. It is true, the court might have gone further, and stated, if the jury believed the hog was the property of any other person than James Dunlap, they should acquit; but there was no evidence in the case suggesting any theory of ownership other than in Dunlap or Lizzie Wright. So we think the charge, under the evidence adduced, was a direct, pertinent application of the law.

The charge on recent possession given by the court is in accord with the decisions of this court. See Wheeler v. State, 34 Texas Crim. Rep., 350.

The evidence justified the conviction. The State's testimony shows emphatically: That the two appellants and Dan Wright, Sr., and Abram Smith, shot and killed a hog at the place designated by the State's witness. When they saw him approaching, they all fled. That this witness secreted himself near by, and waited. Later during the same evening the same parties returned to where they had killed the hog, put it on a horse, and carried it away. One of the parties (the other three being present) was seen in possession of the hog, on a horse, near the residence of Dan Wright, Sr. They admitted killing the hog, but claimed it to be the property of Lizzie Wright, the daughter of Dan Wright, Sr., and sister of, and carrying it to, the other two Wrights mentioned. This is the substance of the testimony with reference to the taking of the hog. As presented by this record, there is no such error as requires a reversal, and the judgment is affirmed.

*Affirmed.*

[NOTE.—Appellants' motion for a rehearing was overruled without a written opinion.—Reporter.]