### D. L. Mathews v. The State.

#### No. 1817. Decided June 21, 1899.

#### 1. Theft of Cattle—Indictment—Description of Property.

An indictment for theft of cattle is sufficient which describes the property as "one head of cattle."

#### 2. Continuance—Second Application.

· It should be made to appear by the application itself, or in some other proper manner, whether the application for continuance is a first or second application. If it be a second application it is essential to its sufficiency that it should state that the testimony can not be procured from any other source.

#### 3. Same.

An application for continuance will be held properly overruled where, from the testimony adduced at the·trial, it is apparent that the absent testimony, if availed of, would not probably change the result, or where the same is not probably true.

#### 4. Circumstantial Evidence—Charge.

It is not error to·refuse to charge on circumstantial evidence where the State has proved the confession of defendant.

#### 5. Improper Argument.

It is not improper for the county attorney, in his argument, to asseverate that "the evidence in this case beyond question shows that this defendant is a thief, and society is entitled at your hands to protection from all thieves and violators of the law."

#### .6. Same.

If improper argument be indulged by the prosecuting officer, it is not revisable on appeal unless defendant·has presented a written charge instructing the jury ·to disregard same.

#### 7. Same—Allusion to Former Trial.

Where the allusion of the State's counsel to a former trial of the case has been provoked by the conduct and actions of defendant's counsel, the error is not revisable.

Appeal from the District Court of Tarrant. Tried below before Hon. W. D. Harris.

Appeal from a conviction of cattle-theft; penalty, two years imprisonment in the penitentiary.

This is a second appeal in this case. See Mathews v. State, 39 Texas Criminal Reports, 553, where the prosecution was dismissed because the indictment was fatally defective in the description of the stolen property.

M. A. Bradbury lost a heifer in the early part of January, 1897.

He was sick at the time she was lost. Never made any search for her after he got well, and had never seen her or any part of her since that time. She was a white and red heifer with a line back, and was within about three weeks of bringing a calf when lost. Witness Wilburn saw some one leading a red and white cow in the road a mile or two fiom Bradbury's place on the first Sunday night in January, 1897. Did not know who it was. He spoke to the party, but got no reply. Witness Keys saw defendant at Fort Worth about 10 o'clock on the first Monday in January, 1897, at the Avenue wagonyard. Had a talk with him and left yard with him. Some months later was riding with defendant down in Wooten's pasture, and defendant asked him if he remembered seeing him at said time at said yard, and then volunteered the statement that on the night before he and one Hugh Smith had stolen old man Bradbury's yearling; that they roped it and dragged it under the fence and took it to Fort Worth and sold it at the packing house; that on the way to Fort Worth he met Ned Wilburn. Defendant introduced witness Billings, who had been summoned by the State, who testified to purchasing a red and white cow from defendant some time early in January, the year 1897, but she was not with calf, and was not within three weeks of bringing a calf. She remained in butcher-pen for some time and was then butchered. Also appellant's brother, who had a conversation with witness Keys in which Keys denied that appellant had made any statements to him about appellant's having taken the Bradbury yearling. The State proved by Wooten and some others Keys' good reputation in the community where he lived.

*Lattimore & Browning*, for appellant.

*Rob't A. John*, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of the theft of cattle, and his punishment assessed at two years confinement in the penitentiary.

Appellant made a motion to quash the indictment on the ground that the description of the property stolen, to wit, "one head of cattle," is too general. This question has been expressly decided against the contention of appellant. Matthews v. State, 39 Texas Crim. Rep., 553; White's Ann. Penal Code, sec. 1544.

The first bill is reserved to the action of the court overruling his motion for continuance. Neither the application nor the bill shows whether it is the first or second application. If it is the second application, it does not comply with the statute because the same does not show that appellant could not secure the testimony from some other source than the absent witness. Logan v. State, 40 Texas Crim. Rep., 85. Furthermore, in the light of the testimony adduced upon the trial, we do not think any of the absent testimony would have

probably changed the result, or that the same is probably true. Mc-Adams v. State, 24 Texas Crim. App., 86; Cunningham v. State, 26 Texas Crim. App., 83.

Appellant's special charges numbers 3 and 5 upon the corpus delicti are not correct enunciations of law, and hence the court did not err in refusing to give them. Nor did the court err in refusing charge number 4 on circumstantial evidence, since the State had proved a confession on the part of appellant.

His fourth bill complains of the closing argument of Jas. W. Swayne, county attorney, in the following language: "The evidence in this case, beyond question, shows that this defendant is the thief, and society is entitled at your hands to protection from all thieves and violators of the law,"—to which appellant objected "as calculated to injure his rights with the jury, and to induce them to think that they ought to convict this particular defendant to please society; and defendant asked the court to stop the attorney, and instruct the jury not to regard the same." The court refused to do so, and appellant excepted. We do not think there is any error in the remarks of the county attorney. Furthermore, we have held it is the duty of appellant to present a written charge instructing the jury to disregard such remarks. This was not done. Wilson v. State, 32 Texas Crim. Rep., 22; Norris v. State, 32 Texas Crim. Rep., 172; Rahm v. State, 30 Texas Crim. App., 310; House v. State, 19 Texas Crim. App., 227.

In bill number 6, appellant complains of the following: "The county attorney, in his closing argument to the jury, stated 'that it was very strange that the defendant didn't bring some one here to prove something against the character of Jim Keys when Jim Keys had testified in this same case on a former trial thereof,' to which argument of the county attorney defendant then objected on the ground that it was a reference to a former trial of this case," etc. The court explains the bill as follows: "Said statement was brought out by defendant's cross-examination of witness Keys, that he had testified herein before on a former trial, and, the defendant having put in evidence to impeach Keys, the State introduced a number of witnesses showing that the general reputation of Keys for truth and veracity was good in the community where he lived; and the defendant in discussing the evidence, made a vigorous attack upon witness Keys' testimony, and it was in reply to what defendant's attorney had said that the county attorney made the remark complained of." Defendant had proved the fact of former trial. We think the explanation of the court attached to this bill renders the remarks of the county attorney harmless. It appears that State's counsel had been provoked into making the remark by the action of appellant's counsel. We have held heretofore that, where counsel for the State has been provoked to comment upon the failure of the defendant to testify by the action of defendant's counsel, we would not reverse the judg-

ment on this account.   Parker v. State, 39 Texas Crim. Rep., 262; Pierson v. State, 21 Texas Crim. App., 14; Smith v. State, 21 Texas Crim. App., 277.   The evidence supports the verdict, and, no error appearing in the record, the judgment is in all things affirmed.

*Affirmed.*