## W. T. WALTON v. THE STATE.

### No. 2032. Decided February 14, 1900.

**1. Theft of Cattle—Indictment—Description.**

Where an indictment for theft of cattle describes the stolen animals as "twenty head of cattle," this is a sufficient description.

**2. Same—Counts.**

Where an indictment for theft of cattle contained two counts, the second of which was bad for the reason that it failed to charge that the act was "fraudulently" done, and all the evidence adduced was admissible under the first count, which was good, and the court only charged upon the first count, there was no possible error in the refusal of the court to quash the indictment because the said second count was bad.

**3. Defendant as a Witness—Impeachment—Admissions.**

A defendant who has testified in his own behalf can not be impeached by unwarned confessions, admissions, or statements of a criminative character made by him to an officer who has him under arrest. Such testimony is inadmissible either to contradict defendant or as original evidence against him. Following Morales v. State, 36 Texas Criminal Reports, 234.

**4. Theft of Cattle—Evidence of Other Thefts.**

On a trial for theft of cattle the admission of evidence of the taking of other cattle by defendant was error, where it appeared that defendant was in possession of and interested in such other cattle, and that if the same were fraudulently taken such taking was not contemporaneous with the act for which he was on trial.

**5. Same—Marks and Brands—Record Evidence.**

Under provision of Revised Statutes, article 4921, the owner of cattle is only required to record his brand in the county where the cattle range. Having properly

recorded his brand in the county where the cattle range, such record is evidence of ownership under article 4030, Revised Statutes, in any county in the State.

**6.  Same—Principal—Charge.**

On a trial for theft of cattle a charge of court which makes defendant a principal in the crime, whether he was present at its commission or not, is erroneous.

APPEAL from the District Court of Hall.  Tried below before Hon. G. A. BROWN.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The indictment was a joint one against appellant and one Joe L. Beard.  It contained two counts, one for the theft of "twenty head of cattle" owned by and taken from the possession of one W. Z. Drummond; the other charged them as receivers of said stolen cattle.  Appellant made a motion to quash the indictment because the animals were not sufficiently described in the first count, and because the offense was not charged to have been committed "fraudulently" in the second count.  This motion was overruled, and the court only submitted the case to the jury upon the first count.

On the trial the proof showed that appellant was seen in the possession of the stolen cattle in King County.  Drummond's ownership was shown by his mark and brand as recorded in Cottle County.  This mark and brand had never been recorded in King County.  Defendant objected to this evidence and saved his exception by bill.

The State proved, over defendant's objections, certain criminative admissions made by appellant to the sheriff who had him under arrest but had never warned or cautioned him as to his statements.

The State's witness Darnell introduced his mark and brand record to prove ownership of cattle alleged to have been stolen from him, not claimed to be the property alleged in the indictment to have been stolen from Drummond.  Darnell testified that he had about 107 head of cattle in Cottle County and made a contract with the defendant to pasture and care for these cattle and was to give him one-third of the increase.  He said: "I never got back but twenty-one head.  The cattle I delivered to Walton were turned loose in his pasture, consisting of three sections.  Walton's pasture is about eight miles from the nearest part of Drummond's pasture."  The witnesses Wheat, Pyle, and Auberg saw cattle at the stock pens in Estelline in substantially the same brand of that of Darnell, the Darnell cattle being in the same bunch with cattle in the Drummond brand.  The witnesses Auberg, Tucker, and Biggerstaff claim to have seen defendant in the town of Estelline on the evening of the day these cattle were placed in the stock pens and two of them say defendant told them the cattle were from King County.  The defendant's defense was that he had nothing to do with the taking of these cattle, and that he never missed the Darnell cattle until about a month, and then found the pasture gates down and supposed the cattle were out in the Swenson pasture, and that he was in the town of Quanah at the time the cattle were placed

in the stock pens at Estelline, and that he was never in the town of Estelline except to pass through on the train. Defendant excepted to the introduction of this testimony.

*Fires & Decker* and *J. K. Duke*, for appellant.—The court erred in overruling defendant's motion to quash the indictment because the same was insufficient, for the reason that in the first count it alleged theft of "twenty head of cattle," the property of W. Z. Drummond, not describing such cattle with sufficient certainty so that defendant could know from said indictment which cattle he was charged with stealing, and because in the second count, wherein defendant is charged with receiving and concealing stolen cattle, it is not charged that such was done fraudulently.

Where one count in an indictment is bad it is error for the court to overrule the motion to quash, and then, after all the testimony is in, direct the jury that they can only convict on the count that is sufficient.

Under our Code, allowing a defendant in a criminal case to testify in his own behalf, and providing that a confession made by a defendant while under arrest can not be used against him unless he was duly warned, the State can not examine a defendant, when a witness in his own behalf, as to a confession or a statement that shows guilt, made by him while under arrest without being warned, for the purpose of laying a predicate for his impeachment or for any purpose, and then show by witnesses that he made such confession. Code Crim. Proc., arts. 789, 790; Morales v. State, 36 Texas Crim. Rep., 234; Nolen v. State, 14 Texas Crim. App., 474; Wright v. State, 36 Texas Crim. Rep., 427; White v. State, 38 S. W. Rep., 169; De la Rosa v. State, 21 S. W. Rep., 192; Haynes v. State, 2 Texas Crim. App., 174; Austin v. State, 15 Texas Crim. App., 391.

An unrecorded brand is not evidence of ownership under our statute. The record, to be evidence of ownership, must be recorded in the county or counties where such animals are habitually ranging or where it is contemplated where such animals habitually range, and where the evidence shows that cattle range in two counties and it is contemplated by the owner that such animals shall range in two counties, and the brand on such animal is only recorded in one county, then the court should instruct and limit the record of such brand as proof of ownership only as to the cattle ranging in the county where the brand is recorded.

The witness Drummond testified that his cattle ranged in his pasture and that his pasture was part in Cottle and part in King County. That his brand was only recorded in Cottle County and was not recorded in King County. There was no identification of the cattle alleged to have been stolen except by brands, nor was there proof of ownership except by brand on the cattle found in the town Estelline. The testimony of Biggerstaff and Auberg shows that the party with

the cattle stated they were from King County. Batts' Stats., arts. 4921, 4930; Atterberry v. State, 19 Texas Crim. App., 401.

The court erred in admitting any testimony tending to show or concerning the taking of the Darnell cattle as set out in bills of exceptions numbers 8, 9, and 10, for the reason that the testimony showed that the taking was at a different time and place than those taken from the witness W. Z. Drummond.

The court erred in admitting in evidence any testimony relative to the taking of the Darnell cattle, for the reason that the defendant was shown by all the testimony to have such an interest in said cattle that any taking and appropriation of such cattle by defendant would not come within the meaning of the term theft.

The rule is that evidence of another theft is not admissible. The exception is that the evidence when it shows another theft, and that such theft was committed at the same time and place as that charged in the case on trial, may be admitted when it tends to establish the identity in developing the res gestae of the alleged offense or to prove the guilt of the accused by circumstances connected with the theft for which he is on trial, or to show the intent with which defendant acted with respect to the property alleged in the indictment to have been stolen and no other purpose. Wills. C. C., art. 864; Fany v. State, 18 Texas Crim. App., 314; Dancy v. State, 53 S. W. Rep., 886; Kelley v. State, 18 Texas Crim. App., 262; Gilbreath v. State, 41 Texas, 567; Williams v. State, 24 Texas Crim. App., 412; English v. State, 29 Texas Crim. App., 174.

*Rob't A. John,* Assistant Attorney-General, for the State. (No brief for the State on file with the record.—Reporter.)

HENDERSON, JUDGE.—Appellant was convicted of the theft of cattle, and his punishment assessed at confinement in the penitentiary for a term of two years; and he prosecutes this appeal. A number of errors are assigned, but we will only discuss such as we deem important.

Appellant made a motion to quash the indictment, which contained two counts,—one for theft, and the other for receiving stolen property. The motion to quash the first count is based upon an insufficient description of the cattle; and that of the second count, because of the failure to allege that appellant fraudulently received and concealed said cattle. The court refused to quash the indictment, but gave in charge to the jury only the first count, for theft. We do not believe the motion was well taken as to either of said counts. The description of the cattle in the first count was "twenty head of cattle." This was sufficient. Coward v. State, 24 Texas Crim. App., 590, and authorities cited in White's Penal Code, sec. 1534. The objection urged to the second count was that same did not charge that it was done fraudulently. The indictment, as presented in the record, does

contain this allegation, and it is in accordance with the approved form as laid down by Judge Willson. Wills. Crim. Forms, sec. 512, and authorities there cited. Besides this, if it be conceded that the last count was bad, yet there was no possible error in the action of the court, for all the testimony adduced was admissible under the first count, to show the theft of said animals; and, when the court restricted the action of the jury to the first count, this was all appellant could ask.

During the trial appellant became a witness on his own behalf. The State was permitted on cross-examination to ask him if he did not, at the depot in the town of Memphis, as he was going to his examining trial, and while under arrest, state to the sheriff, and in the presence of Pyle and others: "* * * to be as easy on me as you can. I have the money, and will pay for the cattle." To this question defendant answered that he did not make any such statement, whereupon the State was permitted to introduce Sheriff Wheat, F. L. Darnell, and Theodore Pyle, each of whom testified that at the time and place above mentioned, and while defendant was in custody of the sheriff, he did say to F. L. Darnell: "I am into it. Be as light on me as you can. I have the money, and will pay for the cattle." It was further shown, in this connection, that the sheriff then had defendant in custody, charged with this offense; that said defendant had not been cautioned that any statement he might make would be used as evidence against him. Appellant objected to all this testimony on the ground that he was then under arrest for this charge, that he had not been warned or cautioned by the sheriff, and that the testimony thus elicited from him was in the nature of a confession. We do not deem it necessary here to enter into a discussion of the reasons why said testimony was not admissible, inasmuch as this matter was thoroughly gone into in Morales v. State, 36 Texas Criminal Reports, 234, and the reasons for our decision therein stated. And see also Wright v. State, 36 Texas Crim. Rep., 427. This testimony was inadmissible either to contradict defendant,—he being the witness,—or as original testimony against him. And in this instance it was liable to be used, and doubtless was used, by the jury, both as impeaching testimony and as original testimony against appellant, and was of the most damaging character. Being inadmissible, it is unnecessary here to discuss the failure of the learned judge to limit it to the purpose of impeachment. Testimony that is illegal can be limited to no purpose in the case.

Appellant complains that the court admitted certain evidence against him regarding the taking of certain cattle belonging to one Darnell; the ground of objection being that there was no evidence showing that appellant had stolen the Darnell cattle,—much less, that it was a contemporaneous theft with that charged against appellant in this case. The record bears out appellant's contention in both respects. It is shown, without controversy, that appellant had an interest in the

Darnell cattle, and was in possession of them, and the most that can be said is that the evidence raises some suspicion that he might have embezzled said cattle. Before this character of evidence could be admitted against appellant, there should have been some testimony indicating with a reasonable degree of certainty that appellant was guilty of the theft of the Darnell cattle. Williams v. State, 38 Texas Crim. Rep., 128. And, in addition to this, the theft of the Darnell cattle must have been shown to have been contemporaneous with the theft of the cattle for which appellant was being tried. James v. State, 40 Texas Crim. Rep., 190. The court evidently appreciated the difficulty of applying the ordinary rules to this testimony, for, in charging the jury on this branch of the case, he told them that the State had introduced evidence tending to prove the fraudulent appropriation of other property than that alleged in the indictment to have been stolen, etc. It will be seen that he does not attempt to call this transaction with the Darnell cattle theft, but merely a fraudulent appropriation of other property. Now, we have no such offense, eo nomine, as fraudulent appropriation; but it occurs to us that if he meant theft, by this term, he should have further explained it to the jury. If this illegal testimony had not been admitted, the court would have been saved the trouble of endeavoring to find a place for it in the charge.

Appellant contends that the court, under the evidence in this case, should not have admitted the record of prosecutor's brand from Cottle County, inasmuch as the proof showed that the alleged stolen cattle, if taken by appellant, were taken in King County, and not in Cottle, and that said cattle ranged in King County, and not in Cottle County. And he furthermore contends that, if said testimony was admissible, the court should have instructed the jury with reference to its effect; insisting in this connection that said brand unrecorded in King County was not evidence of ownership of cattle that ranged or ran in said King County, but the same could only be regarded as a flesh mark. We understand appellant's contention, in effect, to be that under articles 4921, 4930, Revised Statutes, where a person owns cattle, some of which range in one county, and some of which have their range in another county, he is required to record his brand in each of said counties, in order to make same evidence of ownership. This is somewhat a novel question. In Atterberry v. State, 19 Texas Criminal Appeals, 401, it was said: "The statute says that the mark and brand of the owner of the cattle shall be recorded by the clerk of the county court where such cattle shall be, but this, as we understand it, relates entirely to the county in which he intends his cattle to range. True, he may record his mark and brand in as many counties as he may think necessary. This, however, does not require him to make a record in every county in the State, or in every county into which his cattle may stray. He shall record in the county of his range, and wherever else he may think necessary. When his cattle stray in other

counties, he can use the record evidence of the mark and brand of the county of the range in the county wherever they are found, without recording his mark and brand in said county. The certificate from the county clerk's office where he is required to record is evidence that prosecutor, Thomas, lived in Throckmorton County, and that his cattle, which had been previously removed by him from Fannin County, ranged in Throckmorton County, and his brand was recorded there. The cattle were found in Denton County, and the testimony tended to show that they had strayed there from Throckmorton County, probably on their way back to their range in Fannin County." In Thompson v. State, 26 Texas Criminal Appeals, 466, the evidence showed that prosecutor lived in Callahan County; that his horses (some forty head) ranged in Callahan and Taylor counties, and at times in the north-western portion of Coleman County. The brand was recorded in Taylor County, and prosecutor formerly lived in that county. The record of brands introduced in evidence was from Taylor County. The prosecution was in Coleman County. While the question of the record of said brand in the proper county was in that case, the court does not appear to have considered it. Article 4921, Revised Statutes, author-izes the owner of cattle, etc., to record his brand in the county where such cattle, etc., shall be; evidently intending that such record shall be made where the cattle range. Article 4930 says that no brands, except such as are recorded by the officers named in this chapter, shall be recognized in law as any evidence of ownership of the cattle, etc. Without this record, we understand that no brand can be introduced as evidence of ownership; but the brand, having been once recorded, by the terms of the statute is made evidence of ownership. If the brand has once been recorded in any county, there does not appear in the statute to be any limitation on the use of the same as evidence in any other county of the State. And, whatever confusion may be engendered, we are not disposed to ingraft by judicial construction any such limitation on the use of a recorded brand. We therefore hold that, the brand having been recorded in Cottle County, it could be introduced as evidence of ownership in King County.

There are other errors assigned, not necessary to be considered, as they are not likely to occur in another trial. In our view, appellant should have been granted a continuance to procure the absent witness on his defense of alibi. We would also observe that the charge given on principals was erroneous, in that it made defendant a principal, whether he was present at the time of the commission of the offense, and assisting therein, or not. This charge was not excepted to, but, in view of another trial, we refer to it. See Dawson v. State, 38 Texas Crim. Rep., 50; Yates v. State (Texas Crim. App.), 42 S. W. Rep., 296; Bell v. State, 39 Texas Crim. Rep., 677; Wright v. State, 40 Texas Crim. Rep., 45; Sessions v. State, 37 Texas Crim. Rep., 58. The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*