BILL ARDRY V. THE STATE.

No. 6337.   Decided June 15, 1921.

Rehearing Denied October 12, 1921.

**1.—Assault with intent to Murder—Sufficiency of the Evidence.**

Where upon trial of assault with intent to murder, the evidence was sufficient to sustain the conviction, there was no reversible error.

**2.—Same—Argument of Counsel—Requested Charge—Practice in Trial Court.**

Where, upon trial of assault with intent to murder, the prosecuting attorney's argument, in response to that of the argument of defendant's counsel, while improper, was not sufficient cause for a reversal, in the absence of a requested charge to withdraw the same, there was no reversible error; however, it is to be regretted that counsel will travel outside of the record in the argument.

**3.—Same—Rehearing—Fundamental Error—Requested Charge—Article 743, C. C. P.**

If it be conceded that the issue as claimed by appellant was raised and omitted from the court's charge, yet, in the absence of an exception because of such omission, there was no reversible error under Article 743, C. C. P.

Appeal from the District Court of San Augustine. Tried below before the Honorable V. H. Stark.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*D. M. Short & Sons,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.—Cited cases in opinion.

HAWKINS, JUDGE.—Conviction was for assault with intent to murder. Punishment assessed at two years in penitentiary.

Appellant was charged with assaulting one Butler Davis; all parties were negroes. It is not necessary to set out the evidence. It is sufficient to sustain the finding of the jury. Immediately after the assault on Butler Davis (who was an old negro man) several of his sons seem to have severely "man-handled" appellant in resentment of the attack on their father. The trouble arose over a controversy as to whether dinner should be served in church or out on the church grounds.

Only one bill of exceptions appears in the record. While the prosecuting attorney was making his closing argument he said: "Gentlemen of the jury, Mr. McLaurin got out of the record and told you that he had been knowing the prosecuting witness, Butler Davis, for a long time, and what a notorious character he had been, but he did not take the stand and testify. Mr. McLaurin didn't tell you about the Ardry negroes, and that two of them had been to the penitentiary." When objection was made, the court admonished the district attorney to stay in the record. It does not appear any further objectionable language was indulged in, and no charge was requested directing the jury to disregard the argument.

It is to be regretted that so many cases before this Court disclose the fact that attorneys on both sides in many instances are seized with an uncontrollable desire to discuss matter *de hors* the record. The prosecuting attorney seems to have been provoked to his breach of legitimate argument by similar action on the part of opposing counsel. Of course, the proper practice would have been to have objected to appellant's counsel making the improper argument in the first instance, and not have resorted to like infringement of the rules in reply.

There was no intimation that appellant had been to the penitentiary. In the absence of a special charge requesting withdrawal of the improper statement, we do not feel in face of the provocation, to hold the remarks reversible error. Branch's Crim. Law, p. 32, Sec. 62, Collation of authorities. Norris v. State, 32 Texas Crim. Rep., 172.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

October 12, 1921.

HAWKINS, Judge.—Appellant urges that the issue was raised that any assault made by appellant was to prevent the injured party from removing benches from the church, of which appellant was custodian, and that fundamental error was committed when the trial judge omitted the submission of this issue to the jury. We do not discuss the question as to whether the issue claimed was fairly raised by the evidence. If it be conceded that the issue was raised and omitted from the court's charge, in the absence of exceptions because of such omission, or special requested instructions to supply same, made or requested at a time when the court might have corrected the alleged omission, this court is without authority to grant relief. The latter clause of Article 743, C. C. P. reads, "All objections to the charge, and on account of refusal or modification of special charges, shall be made at the time of the trial." Appellant's contention would have been not without merit prior to the amendment of 1897; but the decisions of this court construing that part of the Article just quoted, and found annotated in Vol. 2, Vernon's Crim. Statutes, on page 519, are against appellant's position. Hence we are constrained to hold no such fundamental error was committed as to require a reversal of the case.

The motion for rehearing is therefore overruled.

*Overruled.*