WHITE, JOSEPH S., Associate Judge.
Appellants seek reversal of a judgment of conviction entered as a result of a verdict of guilty after trial on an information charging larceny of seven hogs, “the property of R. E. Padgett, Sr., R. E. Padgett, Jr., and Glenn F. Padgett.” See F.S.A. § 811.14. Appellants have presented several assignments of error, but they all resolve themselves into one question: Was there sufficient evidence of the identity of the hogs to support the conviction?
In finding defendants guilty the trial jury accepted as true the testimony offered by the state on the subject, and if that evidence is found by this court to be “sub *489 stantial” the judgment must be affirmed. It is sufficient if the proof shows larceny of one or more of the hogs described in the information. Raines v. State, 1900, 42 Fla. 141, 28 So. 57.
The hogs were unmarked and unbranded. They were described by the witness, Glenn Padgett, one of the owners, as follows: “ * * * a sandy colored sow and there was one sandy pig, a reddish pig, and four black pigs, and one old male, black.”
Padgett resided at “Three Lakes Ranch” on the eastern shore of Lake Kissimmee a short distance north of State Highway 60, in Osceola County. He and his father and brother were in the livestock business, raising cattle and hogs. Their ranch extended along the eastern shore of Lake Kissimmee. He testified that the sow was the mother of the five pigs and that he had been familiar with them since birth about four months previously. He testified that he had seen the hogs on his ranch feeding along the eastern shore of the Lake approximately a mile and a half north of his home and that the hogs ranged “within a mile or so” of that area.
The record discloses that defendants left “Oasis Fish Camp” on Highway 60, at or near the south end of Lake Kissimmee, in the morning of the day in question in an air-boat. They were seen by Padgett proceeding in a northerly direction on the east side of the Lake. They had a large yellow, “part cur,” dog with them. Padgett followed them in his boat and stated that he heard the air-boat in the high grass on the eastern shore of the Lake in the area where he had recently seen the sow and her pigs feeding. He testified that this location was a part of his ranch and that it was “posted”.
Padgett remained on the Lake, north of the airboat, until about noon when he returned to the “fish camp” to await the return of the men in the airboat. The defendants returned about 1:30 o’clock in the afternoon and had the seven hogs in the airboat, alive but bound by the feet. Padgett said he recognized the hogs and immediately procured defendants’ arrest. In the meantime, he visited the place where the hogs were accustomed to feed and found signs indicating the presence of an airboat.
Padgett positively and unequivocally identified the sow and her five pigs as a part of the herd belonging to him, his father and brother. Other witnesses, employees at the ranch, who said they likewise were familiar with the hogs, also testified that they recognized them and that they had seen the hogs frequently in the Padgetts’ “pasture”.
Defendants readily admitted catching the hogs with the aid of the dog, but claimed they were taken as “wild” hogs at or near the north end of the Lake where “they are putting in that new canal that goes into Lake Hatchneha.” This location was fixed at 22 to 24 miles north of the south end of the Lake, a place far removed from the Pad-getts’ “pasture” where the hogs had been known to range.
Thus a conflict in the testimony was presented. Identification, when attempted by a novice, of one unmarked and unbranded hog from a large herd might well present a difficult problem. However, one who is engaged in the business of raising livestock and who has had a sow and her brood of four-month-old pigs under his observation since their birth should be able to readily and accurately identify &iem.
The jury was satisfied with the identifi-cátion, and we have no difficulty in arriving at the conclusion that the state’s evidence upon the subject meets the essential attributes of “substantial” evidence. See Jones v. State, 1912, 64 Fla. 92, 59 So. 892, L.R.A.1915B, 71.
Affirmed.
WALDEN, C. J., and CROSS, J., concur.