Raymond COOK, Appellant,

v.

The STATE of Texas, Appellee.

No. 45507.

Court of Criminal Appeals of Texas.

Dec. 13, 1972.

Lowell C. Holt, Gilmer, for appellant.

J. O. Duncan, Dist. Atty. and Everett L. Culver, Asst. Dist. Atty., Gilmer and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for cattle theft; the punishment, ten years imprisonment.

A resume of the evidence is unnecessary to understand the appellant's grounds of error.

The appellant's first ground of error complains that the court erred in charging the jury at the guilt or innocence stage of the proceedings as to the penalty provided by law for the offense of cattle theft.

■ Since the 1967 amendment of Article 37.07, Vernon's Ann.C.C.P., the court is not required to *and should not* instruct the jury on the penalty to be assessed in the charge submitted to the jury following the guilt or innocence stage of the trial.

However, the giving of the instruction has been held not to injure the rights of the appellant. Watts v. State, 430 S.W.2d 200 (Tex.Cr.App.1968). Also see and compare Baity v. State, 455 S.W.2d 305 (Tex.Cr. App.1970); Harris v. State, 457 S.W.2d 903 (Tex.Cr.App.1970); and Gonzales v. State, 466 S.W.2d 772 (Tex.Cr.App.1971).

In Watts v. State, supra, it was said:

"While the case was tried after the 1967 amendment of Art. 37.07, C.C.P., which eliminated the requirement that such an instruction be given, we conclude that the giving of the instruction was not calculated to injure the rights of the appellant or deny him a fair trial, and therefore does not call for reversal of the conviction. Art. 36.19, C.C.P."

■ In the case at bar, the appellant had elected to have the jury assess his punishment. The State would have been entitled, during the voir dire examination of the jury, to advise the jury as to the punishment provided for cattle theft, in order to determine whether or not prospective jurors were biased or prejudiced against such penalty. The State, having had the right to advise the jury on voir dire of the penalty provided, its inclusion in the charge at the guilt or innocence phase of the trial was not reversible error.

The appellant's second ground of error is that "The court erred in overruling defendant's motion for instructed verdict because the State did not fully prove the description of the cattle stolen, as alleged in the indictment."

■ The indictment alleged the theft of four cattle and described each with undue particularity as to age, color and sex. This is not a good practice as a variance or insufficient proof may result. If the descriptive averments unnecessarily include color, brand, age or sex, such averments must be proved. Courtney v. State, 3 Tex. App. 257 (1877); Coleman v. State, 21 Tex.App. 520, 2 S.W. 859 (1887); 25A Tex. Digest, Larceny, ■ 1 Branch's Ann.

**824**

P.C.2d § 518 at 497–499 and the case of Flippin v. State, 134 Tex.Cr.R. 352, 115 S.W.2d 665 (1937), cited and relied upon by the appellant. An allegation of "one head of cattle" or whatever number of animals is appropriate under the facts of the case is sufficient. Walton v. State, 41 Tex.Cr.R. 454, 55 S.W. 566 (1900); Matthews v. State, 41 Tex.Cr.R. 98, 51 S.W. 915 (1899); and Stubblefield v. State, 131 Tex.Cr.R. 67, 95 S.W.2d 418 (1936), and see Willson's Criminal Forms, Section 2012.

 The appellant contends that there is a lack of proof or a variance of proof concerning the description of three of the animals alleged to have been stolen. He makes no complaint concerning the lack of proof or the description of one of the four animals alleged to have been stolen. Proof of the theft of one of the four animals described in the indictment is sufficient to sustain the conviction. Alderson v. State, 2 Tex.App. 10 (1877); State v. Mullenax, 124 W.Va. 243, 20 S.E.2d 901 (1942); Blocker v. State, 57 Ga.App. 330, 195 S.E. 451 (1938); and Richburg v. State, 199 So.2d 488 (Fla.App.1967).

In Alderson v. State, supra, it was held that proof of the theft of one of two geldings described in the indictment would be sufficient to warrant conviction.

In State v. Mullenax, supra, it was said:

"It is further argued that since the indictment alleged the larceny of two yearling heifers, while the evidence shows, or clearly tends to show, that the animals were actually one heifer and one steer, there was a fatal variance which requires the setting aside of the verdict. . . . The proof, even if considered conclusive, that one of the calves stolen was a steer, is merely an affirmative showing that only one heifer was stolen. Failure to prove the stealing of all the property described in an indictment for larceny does not justify an acquittal."

In Blocker v. State, supra, the court stated:

"The defendant . . . was charged in the indictment with stealing eleven hogs. There were some discrepancies between the allegations of the indictment and the proof as to the description of most of the hogs; but as to one of the hogs the description in the indictment, and in the evidence was identical. It follows that there was no fatal variance between the allegations of the indictment and the proof, since the defendant would be guilty of the offense charged if he stole only the hog which was properly described; and the evidence authorized a finding that he was guilty of stealing that particular hog. . . ."

The appellant's second ground of error is overruled.

The judgment is affirmed.

Opinion Approved by the Court.