### J. H. HUNT v. THE STATE.

*No. 3207.    Decided November 6.*

**Evidence—Privilege of Counsel—Statute Construed.**—Section 1 of the Act approved April 4, 1889, which repeals subdivision 4 of article 730 of the Code of Criminal Procedure, provides that "hereafter any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause." Construing the said section, it is *held* that the effect of the last clause is to absolutely inhibit *allusion* by counsel to the failure of the accused to testify in his own behalf; and that the inhibition is so far mandatory that its violation by a prosecuting counsel will work the reversal of a conviction, although he may have been provoked thereto by the argument of counsel for the defense, and although the court may have sought, by admonition and by instructions to the jury, to control the effect of the same. See the opinion *in extenso* on the question.

APPEAL from the District Court of Jones. Tried below before Hon. J. V. Cockrell.

The indictment charged the appellant as an accomplice to cattle theft. His trial resulted in conviction, and his penalty was fixed by the jury at a term of two years in the penitentiary.

No question of proof on the trial is involved in the opinion of the court.

*Davis & Woodruff*, for appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—By the first section of the Act of the Legislature approved April 4, 1889, with regard to the evidence in criminal actions, and repealing the fourth subdivision of article 730 of the Code of Criminal Procedure, it is provided "that hereafter any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause." Gen. Laws 21st Leg., p. 37.

Defendant's third bill of exceptions shows that, in his closing argument, the district attorney proceeded to comment on the failure of the defendant to testify in this case, and proposed and attempted to read to the jury the law, as we have above quoted it, empowering him to do so; and that, though he was stopped and admonished from the bench that he had no right to read and comment upon said law, said attorney claimed he had such right. This bill of exceptions is qualified by the trial judge with the explanation that "the attorney for the defendant, alluding to what the witness Stevens had stated in reference to defendant's admissions, (said?) that 'You have not yet heard the defendant's state-

ments.' The district attorney stated in his closing argument, 'It was the same old story—defendant's mouth is closed;' and picked up the acts of the last Legislature, and commenced to read the act allowing a defendant to testify, when the court called him to order of his (its?) own motion, and (he?) was told by the court that he could not read that law in the hearing of the jury; when, in answer to the admonition of the court (said prosecuting attorney?), wanted to know 'if the court would allow defendant's counsel to sing that same old song, and not allow the State to reply?' The court told him that he could neither read or comment on the law referred to."

The language of our statute prohibits any *allusion to,* as well as comment on, a defendant's failure to testify in his own behalf. No argument made by the defendant's counsel could or would justify the prosecuting attorney in alluding to or commenting upon the facts in violation of the plain letter of the law.

Upon a statute substantially in effect with ours, the Supreme Court of Indiana *held* that "an allusion by counsel for the State, in a criminal prosecution, made during his argument of the cause before the jury, to the fact that the defendant had failed to testfy as a witness on the trial of such cause, is sufficient ground for a new trial; and it is not cured by the fact that the court admonished the counsel that such allusion was improper, and instructed the jury that no attention should be paid by them to the same." In the opinion it is said: "We construe the statute to mean that when a defendant in a criminal cause declines to testify in his own behalf, absolute silence on the subject is enjoined on counsel in their argument on the trial." Long v. The State, 56 Ind., 179.

In The Commonwealth v. Scott, the Supreme Court of Massachusetts say: "The absolute exemption secured to defendants by the Constitution and laws from being compelled to testify and from having their omission to do so used in any way to their detriment, could not be affected by superfluous or irregular suggestions of their counsel in the heat of argument. That exemption could only be waived by each defendant's own election to avail himself of the statute, and to go upon the stand as a witness." 123 Mass., 239, citing 114 Mass., 285.

In a case involving the same question, the Supreme Court of Illinois say: "The statute in unmistakable terms has declared in effect that the omission of the accused to testify shall not be used to his prejudice or taken as an evidence of guilt; and in such case court and counsel should studiously avoid all allusions to the subject." Baker v. The People, 105 Ill., 452; see also Whart. Crim. Ev., 9 ed., sec. 435a.

We do not propose to discuss any other of the several questions raised on this appeal. Some of them can not, and others may or may not, arise or be presented in the same form.

Because the prosecuting officer violated the statute with reference to the defendant's failure to testify, the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*

Hurt, J., absent.