### Buck Parker v. The State.

No. 1444. Decided May 11, 1898.

1. **Argument of Counsel—Allusion to Defendant's Failure to Testify in Reply to Argument for Defendant.**

Where counsel for defendant had stated in his argument to the jury that, "defendant might sit there with his lips hermetically sealed, and refuse to place any witness on the stand unless the State made out a case against him," he can not complain if the prosecuting attorney in reply remarked upon this suggestion, "That is true, the State can not compel him to testify." When the defendant himself brings forward in argument his failure to testify a reiteration of this by the State will afford no ground for reversal. Criticising, upon this point, Hunt v. State, 28 Texas Criminal Appeals, 149.

**2. Local Option—Proof of Venue.**

On a trial for a violation of local option, where the information alleges the violation to have occurred "in a subdivision of the county of H., State of Texas, to wit, in the town of H., as incorporated for free school purposes," and then sets out the metes and bounds of the incorporation, and it is stated in the agreed statement of facts "that defendant admitted that local option was legally in force in the town of H. at the date of the alleged offense," this fully covered the question as to proof of venue.

**3. Same—Evidence Sufficient.**

On a trial for violation of local option, the evidence is sufficient which shows that though defendant was not positively identified as the seller, yet the place of sale was identified, and it was shown that defendant was the only person in charge of the place on the day of sale; that the purchaser asked for whisky at that place, and a bottle of what appeared to be whisky was sold him, and he paid for the same.

APPEAL from the County Court of Hamilton. Tried below before Hon. J. C. MAIN, County Judge.

Appeal from a conviction for a violation of local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

The following is all the testimony in the case: "It is admitted by the defendant that local option was legally in force in the town of Hamilton at the date of the alleged offense. John Davis testified for the State as follows: My name is John Davis. I am not acquainted with Buck Parker, the defendant. I know Tom Woods; I know were Woods' 'hop-ale joint' is. On August 17, 1897, I went into Woods' place of business for the purpose of buying a half pint of whisky; there was a man tending bar that I did not know; I can't say whether it was the defendant Buck Parker or not; asked the man if he had any whisky; he replied that he had. I then told him to give me a half pint. The man who was tending bar stooped down behind the bar and poured something out of a jug into a half-pint flask and set the bottle down behind the bar on a shelf and walked out. I went behind the bar, picked up the bottle, and laid 25 cents down where I picked up the bottle, and walked out of the house and gave it to the man for whom I had purchased it. This was in the town of Hamilton, Hamilton County, Texas."

Cross-examined, this witness stated: "I can not say that it was Buck Parker, the defendant, who was behind the bar at the time I made the purchase about which I have testified; neither can I swear that the article I purchased was whisky or intoxicating liquor. All I know is that I was sent for whisky, I called for whisky, and the article I purchased had the appearance of whisky."

Norton De Arman, witness for the State, testified as follows: "I am acquainted with Tom Woods and Buck Parker. Tom Woods was not in Hamilton on the 17th of August, 1897. He had left Hamilton and gone to Dublin."

O. C. Warenskjold, witness for the State, testified: "I am constable of precinct No. 1, Hamilton County, Texas. I served an instanter subpœna on Buck Parker on the 17th of August, 1897, commanding him to come before Simpson Loyd, J. P., precinct No. 1, Hamilton County, Texas, and while in the office of the said Simpson Loyd, he, the defend-

ant, stated that Tom Woods had gone to Dublin, and he, the defendant, was the only clerk in Woods' establishment on the 17th of August, 1897."

*J. C. Roberts* and *J. A. Eidson,* for appellant.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State. ·

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days imprisonment in the county jail; hence this appeal.

Appellant assigns as error the remarks of the county attorney made during the argument of the case. The bill shows as follows: "The county attorney, in his opening argument to the jury, stated that the defendant had not placed a single witness on the stand. Counsel for defendant, in his argument replying thereto, said that the county attorney had said that the defendant had not placed a single witness on the stand, and defendant's counsel, continuing, said that it devolved upon the State to make out a case against the defendant before he was required to offer any testimony; that the defendant might sit there with his lips hermetically sealed, and refuse to place any witness on the stand, unless the State made out against him a case. Counsel for the State, in his closing argument, said: 'Counsel for defendant says that the defendant is not compelled to open his mouth. That is true. The State can not compel him to testify.'" Appellant objected to these remarks of counsel, and the court explained the bill as follows: "The county attorney, in his first argument, did not refer to the defendant not having placed a witness on the stand, the matter being raised first by counsel for the defendant, and the remarks of the county attorney were in reply to the statements made by the said counsel for the defendant. Upon objection of counsel for defendant to the remarks of the said attorney, he, the said county attorney, immediately informed the jury that the State had nothing upon which to rely for a conviction except the evidence in the record before them." The statute on the subject of authorizing a defendant to testify on his own behalf expressly declares that his failure to testify can not be used against him; and this court has reversed a number of cases on account of such allusion by the district and county attorneys. However, it seems in this case that counsel for defendant had himself brought the subject up, and stated that appellant "might sit there with his lips hermetically sealed, and refuse to place any witness on the stand, unless the State made out against him a case." Now, the fact that the State's observation that the defendant could not be compelled to open his mouth was but a reply to the suggestion of appellant, brought the failure of the defendant to testify no more prominently before the jury than it had already been made by remark of appellant's own counsel. We hold that when appellant brings this matter to the attention of the jury, he can not complain if the State, in reply, remarks upon his suggestion. This case is not like the case of

Hunt v. State, 28 Texas Criminal Appeals, 149. Here appellant's counsel stated that his client could sit there with his lips hermetically sealed. The State replied to this, "Yes, he can not be compelled to testify." Immediately the court interfered, and the county attorney then stated to the jury that appellant was only being tried on the record. In the Hunt Case there is some question whether defendant's counsel alluded to the failure of his client to testify. A witness for the State had testified to admissions of appellant, and the district attorney had discussed the same. In reply thereto appellant's counsel stated, "You have not appellant's statement here." This may have referred to a perversion by the witness as to the appellant's admissions; but, conceded that defendant's counsel made a vague suggestion as to this matter, the district attorney insisted on making an argument on appellant's failure to testify, and insisted on reading the act of the Legislature on the subject. Although admonished by the court, he could not be restrained, and in reply asked the court if he would allow defendant's counsel to sing that same old song, and not allow the State to reply. The language of the court used in that decision is very broad when it says "that no argument made by the defendant's counsel could or would justify the district attorney in alluding to or commenting upon the evidence in violation of the plain letter of the law,"—broader than was necessary for the decision in that case. Here, as stated above, there is no more reference on the part of the State to the failure of the appellant to testify than a mere reiteration by the State of what appellant's counsel had said; no suggestions made to his prejudice, and no theory insisted upon by the State as furnishing a reason why appellant had not testified. In what transpired we fail to see any possible injury that could have ensued to the appellant. We believe in the rigid enforcement of this statute, but, when appellant himself brings forward in the argument the defendant's failure to testify, a reiteration of this by the State will afford no ground for reversal. On this subject we can not agree to the rule laid down in People v. Tyler, 36 California, 522. A number of cases hold that an error of this sort is cured by an instruction by the judge to disregard the allusion, but it is not necessary to pass upon that question here.

Appellant insists that this case should be reversed because the venue is not proved; and he urges that the agreement shown in the statement of facts does not cover the venue. We disagree with this contention. The information alleges that the violation of the local option law took place "in a subdivision of the county of Hamilton, State of Texas, to wit, the town of Hamilton as incorporated for public free school purposes," and then goes on to set out the metes and bounds of said town so incorporated. The admission of defendant is in the following language: "It is admitted by the defendant that local option was legally in force in the town of Hamilton at the date of the alleged offense." This admission was evidently to obviate the necessity of proof of venue, and, in our opinion, fully covered that question. In our opinion, the evidence fully supports

the verdict. It is true that the party making the purchase did not recognize the defendant, and did not identify him as the party from whom he made the purchase, but he did identify the place; and the State then proved that Tom Woods was not in Hamilton on October 16th, the day of the alleged sale, but was in Dublin on that day, and that defendant, Buck Parker, was his only clerk on August 17, 1897. The alleged purchaser asked for whisky at appellant's place of business, and in response to his request a bottle of what had the appearance of whisky was sold him. He paid for the same, and we think that these facts circumstantially show that the liquid was whisky, and whisky is a known intoxicant. The judgment is affirmed.

*Affirmed.*