ERNEST ELLIS v. THE STATE.

No. 8894.    Delivered May 27, 1925.

Rehearing Denied October 14, 1925.

1.—Selling Intoxicating Liquor—Jury Panel—Motion to Quash—Properly Overruled.

Appellant presented a motion to quash the jury panel on the ground that the jury wheel in Jefferson County was not refilled in accordance with the statute. This question was decided adversely to appellant's contention in the case of McNeil v. State, decided by this court on the 20th day of May, 1925, and we see no reason for changing our opinion in that case.

2.—Same—Jury Panel—Challenge to Array—Properly Overruled.

Where objection is raised to the jury panel, on the ground that the sheriff made no effort to summon certain names on the jury list, and it is not shown that any member of the jury was intentionally not served by the of-

·ficer, or that any injury was done appellant, or that he was forced to take any disqualified juror no error is shown, appellant's peremptory challenges not having been exhausted.

### 3.—Same—Evidence—Non Expert Witness.

Where, on a trial for selling intoxicating liquor, a witness was permitted to testify that the liquor was intoxicating, no error is shown. Under the authorities in this state, it is not necessary that a witness qualify as an expert before testifying that liquor, is or is not intoxicating. This is a matter of common knowledge, to which the layman, as well as the expert, is permitted to testify.

### 4 —Same—Bill of Exception—Incomplete—Not Considered.

Several bills of exception are found on the record, that cannot be considered because incomplete. We have repeatedly held that parties must place in their bills sufficient facts to enable this court to determine whether error is committed, in the absence of which, bills will not be considered.

ON REHEARING.

### 5.—Same—Rehearing denied.

A re-examination of the record on rehearing, confirms is in our views as expressed in the original opinion. The liquid in question was whisky. The court takes judicial notice that whisky is an intoxicating liquor, and the motion for rehearing is overruled.

Appeal from the District Court of Jefferson county. Tried below before the Hon. Geo. C. O 'Brien, Judge.

Appeal from a conviction of selling intoxicating liquor; penalty, one year ·in the State penitentiary.

The opinion states the case.

*O'Fiel, Weidemann & Reagan,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the. State.

BERRY, JUDGE.—Appellant was convicted in the district court of Jefferson county, for the · offense of selling intoxicating liquor, and his punishment assessed at confinement in the penitentiary for a term of one year.

The first two bills of exception complain of the court's action in overruling motion to quash the jury panel. One of the objections raised is as to irregularities in refilling the jury wheel in Jefferson county, and the questions raised concerning this matter were decided against this contention in the case of McNiel v. State, decided by this court on the 20th of May, 1925.

There are other questions presented to the effect that the sheriff made no effort to summon certain names on the jury list for the week. We have very carefully considered this matter and the evidence pertaining thereto, and are unable to see that the record shows that any member of the jury was intentionally not served by the officer. The bills of exception also fail to show that any injury was done appellant, or that he was forced to take any dis-

qualified or unacceptable juror by reason of the sheriff's failure to summon all of the panel. In fact the record fails to show that the appellant exhausted all of his peremptory challenges in securing a jury.

Bill of exception No. 6, complains of the court's action in permitting the witness Davis to testify that the liquor he bought from the defendant was intoxicating. The objection to the question was that he had not been qualified as a judge of intoxicating liquor. We do not perceive that under the authorities of this State, that a person must qualify as an expert to determine whether or not liquor is intoxicating. This is a matter of common knowledge to which the layman as well as the expert is able to testify. The other questions involved in this bill go more to the weight of the testimony that its admissibility.

Bill of exception No. 5, complains of the court's action in permitting the district attorney to ask the witness Davis if he ever bought any whiskey from defendant other than at this time. This bill fails to show a single fact surrounding the matter at the time the question was asked, or a single circumstance showing the condition of the record at that time, and for that reason the bill is wholly insufficient to show any error.

What has just been said disposes also of bills No. 1, 2, 3, and 4. We have repeatedly held that parties must place in their bills of exception sufficient facts to enable this court to determine whether error is committed in the matters complained of. It has also been frequently and repeatedly held that this court will not go through the statement of facts to determine whether or not a bill shows error. Unless these rules it is impossible for us to consider the foregoing bills of exception.

There appearing no error in the record and the evidence being sufficient to support the verdict, it is our opinion that the case should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We have re-examined the record in the light of the motion for rehearing. The complaints therein are but a reiteration of those presented on the original hearing, of all of which, in our opinion, proper disposition was made. The liquid in question was whiskey. The court takes judicial notice that whiskey is an intoxicating liquor. See Parker v. State, 39 Texas Crim. Rep. 262; Branch's Ann. Tex. P. C., Sec. 1237.

The first bill of exceptions was not approved by the judge. The bill in lieu of it by the court shows no error. The case of McNeal v. State, 274 S. W. Rep. 981, is decisive of the point made against the jury wheel.

The motion is overruled.

*Overruled.*