ARVELL MEADOR v. THE STATE.

No. 12138. Delivered May 15, 1929.
Rehearing denied January 22, 1930.

358

The opinion states the case.

*Underwood, Johnson, Dooley & Simpson,* and *Vance, Huff & Rip C. Underwood,* all of Amarillo, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for forgery; punishment, two years in the penitentiary.

M. E. Shelly had money in a bank. She could neither read nor write, and J. B. was authorized to sign checks upon said bank in M. E.'s name. It was the State's theory in this case that appellant induced M. E. to have J. B. sign for her certain papers purporting to pertain to the getting of insurance, one of which papers was in

reality a check upon said bank, the amount, payee, etc., in which were then blank, but which check, after being so signed, was later filled in by appellant by writing his own name as payee and inserting $989.87 in the blank left for the amount, and by filling out other blanks in same. M. E. and J. B. testified that appellant presented to them some papers which he said was an application to an insurance company, and that J. B. at M. E.'s request signed M. E.'s name to such papers; that one of the papers was folded under the other, but that the papers then signed were understood by them to pertain to insurance; that M. E. never instructed J. B. to sign for her any blank check upon the bank; nor did J. B. in signing any papers intend to sign M. E.'s name to such check.

The court charged the jury that if they found and believed that there was such blank check, and that J. B. did write upon same the name and signature M. E. Shelly at the request of M. E., and that thereafter appellant without lawful authority and with intent to injure and defraud did wilfully and knowingly fill in said check by writing words and figures thereon so that same became the completed instrument set out in the indictment, viz.: a check on said bank for $989.87 payable to appellant, then they should find him guilty.

Complaint is made of the action of the trial court in making a certain statement in the presence of the jury regarding an argument then made by appellant's attorney concerning the part of the court's charge above referred to. From the bill of exceptions it appears that after reading to the jury this part of the charge, appellant's attorney said to them: "Gentlemen of the jury: Under this charge it would not be sufficient to justify a conviction that she (J. B.) signed the signature (M. E.) on the instrument believing she was signing some other instrument,—but under the indictment and the court's charge you must find that she signed this signature on this identical piece of paper, and I challenge the jury to point out any evidence to show that M. E. directed J. B. to place said signature upon this identical piece of paper, to-wit: the check." At this point the trial court said to appellant's counsel:

"Major, that is not the meaning of that charge; at least, it is not what was intended to be charged. It was the intent to charge that if she signed the signature to the check in question believing that she was signing some other instrument, it would still be sufficient to constitute her act and deed."

This was excepted to as an oral instruction and charge to the jury and as a comment on the evidence, and as placing a construction on the charge not in writing. When this objection was made the court further said:

"I am not charging the jury. I am simply discussing what I think is an incorrect interpretation of the charge in your argument."

This is also complained of in the bill of exceptions. We are of opinion that it made no difference in determining the guilt of appellant whether M. E. and J. B. or either of them, in signing the blank check in question, intended to sign an insurance blank; and are further of the opinion that there was nothing in the charge of the court warranting any argument that thereunder the jury could not convict if J. B. signed said document believing she was signing some instrument other than the check in question. The charge of the court was in accord with the statement made by the court to appellant's counsel at the time he made this argument, and we regard said statement as no more than calling the attention of said counsel to his mistaken interpretation of the charge. The jury are of the laity; are not learned in the phraseology of the law, and are apt to accept interpretation thereof by attorneys in whom they have confidence, and in case a mistaken interpretation of the law as stated in the charge be made, and stated to the jury by attorneys for the defense, whether by mistake or otherwise, it would be but fair both to the State and the defense for such mistake to be corrected. We recognize the force of the authorities cited in the able brief of appellant on this point, but do not believe the court below commented on the evidence or gave any oral instruction on the law. The statement of the court added nothing to the law as written in the charge. It neither added to nor detracted from the force of the evidence, nor did same express the court's opinion regarding the evidence. The record should be kept straight and the law applied correctly.

The State asked Mrs. Shelley how long before appellant made a certain visit to her, had she put this money in the bank. Objection was made and variously discussed as set out in bill of exceptions No. 4, and the court below said:

"Of course, this is not an ordinary forgery case, because it is a case of filling up, and I think the court would necessarily have to allow both sides more latitude in proving the circumstances surrounding it. I will overrule the objection to that."

We perceive no need for discussing the complaint in this bill. The matter seems capable of no prejudice.

Bill No. 5 presents objection by appellant to a remark of the attorney prosecuting, which was as follows: "That being true, the defendant is here, and it is his privilege—." Whatever was intended was interrupted at this point. The remark was made during the development of the State's case in chief, and was objected to as a comment on the failure of the defendant to testify. Such comment made at such time, could in no event be held a necessary comment on the failure to testify, and not being otherwise referred to or brought up again during the trial, we perceive no error. Blackwell v. State, 107 Texas Crim. Rep. 65. The bill presenting this matter further sets out that the attorney making the remark stated that he had no intention in what he started to say, when interrupted, to refer to appellant's failure to testify.

Bill No. 8 complains that State's counsel referred to and discussed appellant's failure to testify, but in the qualification to said bill the argument of appellant's counsel directly alluding to the failure of appellant to take the stand, and making an extended argument on same,—is set out, and this is stated to be the reason for the argument for the State in reply thereto, complaint of which is made in the bill. We must decline to reverse in such case. Wade v. State, 43 Texas Crim. Rep. 287. Mr. Branch in Sec. 363 of his Annotated P. C., cites many authorities supporting the proposition that the accused is not entitled to complain of improper argument of State's counsel which is occasioned by and justified by the argument made on behalf of the defendant. Williams v. State, 24 Texas Crim. App. 32; Martin v. State, 41 Texas Crim. Rep. 246; Vann v. State, 48 Texas Crim. Rep. 15, are cited among others. We are not able to agree with counsel for appellant that his attorneys may argue as much as they please his failure to testify, and that if State's attorney replies thereto it is reversible error. Neither in Hunt v. State, 12 S. W. Rep. 737, nor in any of the cases therein cited do we have any such facts as are here. In the Hunt case, supra, if what was said by the attorney for the defense was a reference to the failure of the accused to testify, it was very remote. In the Indiana case cited in the Hunt case, supra, a statement in the opinion enjoins upon counsel for the defense as well as for the State, the duty of not discussing the failure of the defendant to testify. The Massachusetts case also cited, only says that the exemption by the Constitution and statute from

being compelled to testify and from having failure to do so commented on, could not be affected by superfluous or irregular suggestions of defense counsel in the heat of argument. By the terms of our statute, Art. 710 C. C.. P., the forbiddance of allusion to or comment on the failure of the accused to testify, is as binding on the defense as on State's counsel. If the attorney for the defense sees fit to override this statute and makes argument to the jury plainly intended and extended upon his client's failure to testify, we will not hold the act of counsel for the State in replying thereto, to be reversible error.

The controversy appearing in bill of exceptions No. 7 seems of so little substantial merit as affecting the guilt of the accused as that even if the reference by State's counsel to the petitions in a civil suit,—which when offered in evidence had been rejected,—had been made and not in reply to what had been said by defense counsel (which is not clear), we would not be inclined to reverse for such argument. The contents of the petitions were not stated by counsel, and the matter in evidence concerning same related only to a civil suit by Mrs. Shelly against appellant, and which she had been questioned about by defense counsel on cross-examination when she was a witness.

The facts in this case seem ample to support the judgment; in truth, same are not controverted. An ignorant woman unable to read or write her name appears to have been victimized by one pretending to be her friend.

No error of substance appearing, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Did we err in holding that in his reference to appellant's failure to testify, the State's attorney was but replying in kind to an argument made by appellant's attorney based on his client's refusal or failure to take the witness stand, and that this was not reversible error? Appellant insists that our opinion so holding was contrary to that of this court in Hunt v. State, 28 Texas Crim. App. 149, 12 S. W. Rep. 737, and that what was said in that case was correct. Comparing that case with the one before us, we note that in the qualification of the bill of exceptions taken to the argument of the State's attorney in the Hunt case, supra, there is quoted what was said by the defendant's attorney which was relied upon as provoking the acts and statement of the State's

attorney therein. It appears that some witness named Stevens had testified relative to admissions by the accused, referring to which the defendant's attorney said: "You have not yet heard the defendant's statements." We observe that this may have been intended only as a thrust at the truthfulness of the witness Stevens. However, when the State's attorney was closing the argument in the Hunt case, he said it was the same old story,—defendant's mouth is closed, and picked up the acts of the last Legislature, and began to read the act allowing the defendant to testify, when the court called him to order of the court's own motion, and told him he could not read that law in the hearing of the jury; in reply to which admonition of the court the State's attorney wanted to know if the court was going to allow defense counsel to sing that same old song, and not allow the State to reply. Without specifically stating what called for such expression, this court proceeded to state in its opinion as follows:

"The language of our statute prohibits any allusion to, as well as comment on, a defendant's failure to testify in his own behalf. No argument made by the defendant's counsel could or would justify the prosecuting attorney in alluding to or commenting upon the facts in violation of the plain letter of the law."

Authorities from other states were then cited and quoted from, and these will be later referred to in this opinion.

The Hunt opinion was our first expression upon the subject after the passage of the law allowing the defendant in a criminal case to testify and forbidding comment on or allusion to his failure so to do. This case has been cited and referred to in eight volumes of the reports of this court's opinions since its rendition, approving that part of the opinion holding, in effect, that the intentional, unprovoked reference by State's counsel to the failure of defendant to testify, would be cause for reversal; but in the only two instances within the knowledge of the writer of this opinion, where the correctness of the holding in the Hunt case, supra, viz.: that where the attorney for the accused voluntarily and of his own intention brought into the case the silence of the accused and his failure to testify,—this court in each declined to follow or assent to the correctness of the opinion in the Hunt case in this regard. The first of these is Parker v. State, 39 Texas Crim. Rep. 262, an opinion by a court composed of Judges Hurt, Henderson and Davidson. The opinion was written by Judge Henderson. In that case the defense attorney made a plain and unquestionable reference to the failure of

the accused to testify, as did also the State's attorney in his closing argument in reply, the latter being made the subject of a bill of exceptions by the accused. This bill is qualified, as in the instant case, by a statement of the trial court as follows: "The remarks of the county attorney were in reply to a statement made by said counsel for the defendant," and after some discussion the court followed the above statement by announcing the following rule: "We hold that when appellant brings this matter to the attention of the jury, he can not complain if the State, in reply, remarks upon his suggestion." The opinion further differentiates the Hunt case, supra, and in effect holds that part of the Hunt opinion above quoted is obiter dicta, and not necessary to a decision of the case. The Parker case, supra, on this point, is approved in Mathews v. State, 41 Texas Crim. Rep. 98. See Martin v. State, 41 Texas Crim. Rep. 246; McCandless v. State, 42 Texas Crim. Rep. 660. The Wade case, 43 Texas Crim. Rep. 212, is identical in principle with the Parker case, supra. It appears therein that after three speeches had been made in argument of the case, the defense put a witness on the stand who swore he was conveying the defendant back to jail that evening when the latter told him that if they had put him, the defendant, on the stand, he would have told the whole thing. He had not been placed on the witness stand during the trial. This court held that discussion by the jury of his failure to testify, was not error. Hunt case, supra, and others were cited, and the court further said that in those cases the objection was based on "a gratuitous use of the fact that defendant failed to testify," but that in the case before the court no error was shown, "Being a voluntary proof of the fact of his failure to testify by defendant himself, through his counsel, certainly appellant can not complain." Parker's case, supra, was quoted with approval, and the rule again stated as follows:

"So we hold here that, where defendant introduces the fact for the consideration of the jury that he has failed to testify, he can not complain because the State's counsel comments upon the same, nor that the jury, in considering and passing upon his rights, discusses the same in all of its phases. The statute inhibiting the State's counsel or jury from commenting upon or alluding to the fact of defendant's failure to testify, or the jury from considering and discussing the same, in passing upon the rights of the defendant with the evidence adduced upon the trial, is a defensive statute, and not an offensive one. Before a defendant can avail himself of its provisions, the spirit, letter, object, and purpose of the statute must

not be violated first by himself, and then seek subsequently to use it as a weapon of defense. We do not think the court erred in refusing a new trial on this ground. We must say here that we deprecate the use of the failure of the defendant to testify. It should not be proven on the trial, and should not be considered by the jury at all. But, as indicated, if appellant or his counsel places the fact in evidence, he can not be heard to take advantage of his own wrong."

Thus stand the decisions of this court on the exact question here involved up to this time.

We have a somewhat similar question arising out of the language of Art. 759, C. C. P., which provides that when a new trial is granted, the former conviction shall not be regarded as any presumption of guilt, "nor shall it be alluded to in argument." In Mathews' case, 41 Tex. Cr. R. 100, the state's attorney's allusion to former trial was held justified by the fact that defendant had voluntarily brought out the fact of such former trial by his cross-examination of witnesses. In Patterson v. State, 87 Tex. Cr. R. 104,—an opinion by Judge Morrow,—we said that it has never been regarded as reversible error for the fact of a former conviction to be referred to when such fact was already known to the jury trying the case, and it is stated that the contrary is the rule, upon citation of many authorities. See Baines v. State, 43 Tex. Cr. R. 490. In Henderson v. State, 104 Tex. Cr. R. 500, also by Judge Morrow, the rule is re-affirmed, and Judge Ramsey's opinion in Smith v. State, 52 Tex. Cr. R. 344, is quoted. As to the decisions of other states on the question here involved, we note that none of the cases cited by Judge White in the Hunt case, supra, are cases in which the attorney for the accused made a plain unquestioned argument in favor of his client based on his refusal to testify, as in the instant case. The only case referred to in that opinion which remotely supports such proposition is Commonwealth v. Scott, 123 Mass. 239, which, in effect, says that the state's attorney could not discuss the failure of the accused to testify because of "superfluous or irregular suggestions of defense counsel." This would seem to be strictly applicable to what was done by the defense counsel as set out in the opinion in the Hunt case, supra, where at most said counsel made an irregular suggestion,—but same has no force as a precedent or authority when the defense attorney makes a direct and forcible appeal to the jury to look at his client's silence as similar to that of Christ upon his trial when he sat dumb before his accusers.

In Calkins v. State, 18 Ohio, 372, it appears that while the state's attorney was arguing certain facts to the jury, the accused spoke up and asserted the facts to be different. The state's attorney said: "Mr. Calkins, you had an opportunity to testify and did not do so." The appellate court held the retort was provoked, and that it was not erroneous. In 12 Cyc. at page 582, are cited many authorities sustaining the rule that remarks of the prosecuting attorney which othewise would be improper, are not grounds for exception if they are provoked by defense counsel. In Hyland v. State, 144 Mo. 302, the court said: "He had no right to inject that issue in the argument, then complain if it was promptly met and replied to." Mr. Branch's in Sec. 363, cites many Texas authorities sustaining the proposition that the defendant is not entitled to complain of improper argument of state's counsel which is occasioned and justified by the argument of his own counsel. The rule laid down in the Parker case, supra, and followed in the Mathews case and the Wade case, supra, and by this court in its original opinion in the present case, seems fair and adequate, and one regarded as modifying, or at least restricting the Hunt case to the particular facts at that time before the court.

The other question raised by appellant in his motion seems to us to present no merit.

The motion for rehearing will be overruled.

*Overruled.*