## E. C. GRIMM v. THE STATE.

No. 13279. Delivered May 7, 1930.
Reported in 28 S. W. (2d) 134.

The opinion states the case.

*Lloyd A. Wicks* of Ralls, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is manufacturing intoxicating liquor; the punishment, confinement in the penitentiary for one year.

While passing across appellant's land, officers discovered a still in operation in a dugout near appellant's residence. Shortly before finding the still, they saw appellant leave the dugout. The still was in operation. Whiskey was being manufactured. They could see the still in operation before they entered the dugout.

Appellant testified that the still did not belong to him and that he did not know it was in the dugout until the officers made the search. Appellant's testimony touching the things found in the dugout was substantially the same as that of the officers.

The officers had no search warrant. Appellant objected to their testimony touching the result of the search on the ground that the search without a warrant was illegal. The officers testified that appellant had given them permission to cross his land, and that they saw the still in operation in the dugout as they passed across appellant's land. Appellant denied that he had given the officers permission to cross his land. The issue as to whether such permission was given was submitted in the charge of the court with the instruction that appellant should be acquitted unless the jury believed beyond a reasonable doubt that the officers were on appellant's° premises with his consent and permission. We are of the opinion that appellant's objection to the testimony was not well taken. If the testimony of the officers was to be believed, their entry upon appellant's premises was legal. They had asked for and obtained his permission to cross his land. At the time they saw the still in operation they were violating no law. They were not trespassers. Traylor v. State, 111 Tex. Cr. R. 58. If, without unlawful acts upon their part, the manufacture of intoxicating liquor by appellant came to the view of the officers, from which it was apparent that a felony was being committed in their presence, then a search without a warrant of appellant's premises was authorized. One who commits a felony in the presence or view of an officer may be arrested without a warrant, and contemporaneously with the arrest, the person committing such felony may be searched, and the place where the arrest is made may also be searched in order to find and seize the things connected with the crime. Art. 212, C. C. P.; Agnello v. United States, 269 U. S. 30; Hodge v. State, 107 Tex. Cr. R. 579, 298 S. W. 573; Steverson v. State, 2 S. W. (2d) 453.

If the testimony of the officers touching the result of the search was improperly received,—and this is not conceded,—appellant having testified to substantially the same criminative facts detailed by the officers, a reversal would not be warranted. Pence v. State, 9 S. W. (2d) 348, and authorities cited.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.