## D. R. Gaskin v. The State.

No. 14823.   Delivered February 10, 1932.
Rehearing Denied March 16, 1932.

The opinion states the case.

*G. W. Dunaway,* of Midland, and *Howard & Jackson,* of El Paso, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one and one-half years.

Officers went to the home of appellant in the early morning and knocked on the door. When appellant came to the door, the officers stated to him that they wanted to talk to him about a matter. Appellant invited them in. After entering the house, the officers saw two kegs. They inquired as to the contents of the kegs and appellant told them that they contained whisky. An examination of the kegs disclosed four gallons of whisky. The officers then asked appellant if he had any more whisky, and he told them that he had a ten-gallon keg in the dining room. The ten-gallon keg contained approximately five gallons of whisky. Appellant stated to the officers that he was keeping one of the kegs on the fire for the purpose of ageing the whisky. Appellant's mother and wife were present when the whisky was discovered. The mother asked the officers to leave the small keg of whisky for her use. The officers did not go to appellant's residence for the purpose of making the search. They said they dsired to talk to him about some matters, the nature of which is not disclosed by the record. The foregoing facts were testified to by the officers.

Appellant did not testify in his own behalf. His mother testified that the whisky belonged to her and that she was using it for medicinal purposes. Appellant's wife gave substantially the same testimony.

No objections to the charge of the court are found in the record.

Bill of exception No. 1 is concerned with appellant's objection to the testimony of the officers touching the result of the search. Appellant's wife and mother testified to substantially the same criminative facts detailed by the officers. They said the whisky was in the house at the time the search was made, but declared that it belonged to appellant's mother, and was being used by her for medicinal purposes. If the testimony of the officers touching the result of the search was improperly received,—and this is not conceded,—appellant's own witnesses having given substantially the same testimony as the officers, a reversal would not be warranted. Grimm v. State, 116 Texas Crim. Rep., 332, 28 S. W. (2d) 134.

Bill of exception No. 2 presents the following occurrence: While the county attorney was making his opening argument he stated, in substance, that appellant could make no defense other than that the liquor was being used for medicinal purposes. In his argument to the jury, appellant's counsel stated, in reply to the county attorney, that appellant could have taken the witness stand and said that he had the whisky for beverage purposes, but that he did not do this because the evidence of Mrs. Gaskin was true. In his closing argument the county attorney used language

as follows: "Mr. Dunaway (appellant's counsel) said 'We (referring to the defense) did have other defenses.' He said 'Gaskin could have taken the witness stand and said he had the whisky for his personal use.' Oh, yes, but Gaskin didn't do that because he thought I might ask him some embarrassing question."

Appellant objected to the argument, and the court sustained the objection and instructed the jury not to consider it for any purpose. Appellant contends that the remarks constituted a reference to his failure to testify. Appellant's counsel invited the argument by making the first reference to appellant's failure to testify. It is the general rule that the accused is not entitled to complain of improper argument of state's counsel which is occasioned by and justified by the argument made on behalf of the accused. Williams v. State, 24 Texas App., 32, 5 S. W., 658; Martin v. State, 41 Texas Crim. Rep., 242, 53 S. W., 849; Meador v. State, 113 Texas Crim. Rep., 357, 23 S. W. (2d) 382. In Meador v. State, supra, this court held that if the attorney for the accused sees fit to override article 710, C. C. P., forbidding allusion to or comment on the failure of the accused to testify, and makes argument to the jury plainly intended and extended upon his client's failure to testify, the act of state's counsel in replying thereto is not reversible error. Giving effect to the holding in Meador's case, we are constrained to overrule appellant's contention that the county attorney's reference to his failure to testify should, under the circumstances, work a reversal of the judgment of conviction.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.