JESUS GARCIA v. THE STATE.

No. 16654. Delivered May 2, 1934.

The opinion states the case.

*Hayden C. Covington, Leroy Denman Moody,* and *Ben S. Morris,* all of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment, confinement in the penitentiary for ten years.

The prosecuting witness, Aurora Barba, testified, in substance, as follows: She was 15 years old on the 5th day of August, 1933. She lived with her mother, and sold tamales on the streets of San Antonio. In December, 1931, she met appellant. Thereafter, appellant took her to a house at 400 San Fernando, No. 2. She and appellant lived in this house approximately three months. From there they moved to Guadalupe Street, where they lived for some time. She finally returned to her mother in the summer of 1932. The matter of appellant's conduct toward her was reported to the authorities. In December, 1932, appellant carried her to Houston, where they lived for several months. They finally returned to San Antonio sometime during the year 1933. Appellant had sexual intercourse with her while they were living on Guadalupe Street, and also during the time they were living in Houston, and after their return to San Antonio.

Appellant failed to testify in his own behalf, and introduced no witnesses.

We deem the evidence sufficient.

We are unable to agree with appellant's contention that the proof fails to show an act of sexual intercourse within the period of limitation and prior to the return of the indictment. The evidence shows that after leaving the house at San Fernando No. 2 the parties moved to Guadalupe Street. Prosecutrix testified that while at the house on Guadalupe Street she and appellant had acts of sexual intercourse. This was prior to the time that they went to Houston, and also prior to the time that the matter was reported to the officers. These acts evidently occurred between January, 1932, and the summer of the same year. The indictment was returned December 20, 1932.

Appellant contends the venue was not proven. We find in the record no bill of exception presenting the question. Under the terms of the statute we must presume that venue was proven unless an issue was made thereon in the trial court and brought

before this court by a bill of exception. Article 847, C. C. P.; Green v. State, 32 S. W. (2d) 650.

The only bill of exception found in the record relates to the closing argument of the district attorney. Appellant's counsel, in his argument, had made remarks to the jury as follows: "Gentlemen, there are two sides to every law suit, whether it be criminal or whether it be a civil suit. In a civil case you have the plaintiff's side to consider and the defendant's side to consider. In the criminal case, it is the same, the jury must reconcile the two stories and reach a verdict. The State in this case, gentlemen, have their story and counsel is trying to get you to believe it, in the face of all the contradictions from the mouths of their own witnesses. You have heard only one side of the case, it is true, gentlemen, you have not heard the defendant's story in this case; but we feel, gentlemen, that it was not necessary for us to put in any evidence at all in this case—because we think that the State has failed to make out a case. They have failed to prove the guilt of this defendant beyond a reasonable doubt. The evidence produced by the State cannot convince you as reasonable men of this defendant's guilt."

In reply the district attorney, in his closing remarks to the jury, used language as follows: "Mr. Morris has told you, gentlemen, that you have only heard one side of this story—that you have not heard the defendant's story in this case—I take it that his remarks were intended to leave the impression on this jury that the defendant was not permitted to tell his story as a matter of law. In that connection, gentlemen, I'll read you the charge of the court, in which he tells you that the defendant in this case has failed to take the witness stand in his own behalf, as he would have a right to do under the law—so you can see, gentlemen, that counsel was not justified when he complained that you have not heard the defendant's story."

We think the remarks of the district attorney were invited by the argument of appellant's counsel and that the holding of this court in Meador v. State, 23 S. W. (2d) 382, supports our conclusion.

The judgment is affirmed.

*Affirmed*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.