**Arthur Charles FRANKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 55488.

Court of Criminal Appeals of Texas, Panel No. 3.

Dec. 13, 1978.

Thomas P. Roebuck, Jr., Port Arthur, for appellant.

Tom Hanna, Dist. Atty., and T. Michael Sutton, Asst. Dist. Atty., Beaumont, for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for aggravated robbery. Upon his plea of not guilty, appellant was convicted by a jury which assessed punishment, enhanced by a prior felony conviction, at forty years' imprisonment.

■ By his first ground of error, appellant contends that the State improperly commented on his failure to testify in violation of his state and federal constitutional rights. Tex.Const. Art. I, Sec. 10; U.S. Const. Amend. V. See also Article 38.08, Vernon's Ann.C.C.P. We agree and reverse the judgment of conviction. Accordingly, we find it unnecessary to set out the facts or address appellant's remaining ground of error.

Appellant complains of the following argument by the prosecutor which occurred at the guilt-innocence phase of the trial:

"Mr. Grossheim [Defense Counsel], in trying to give you some type of explanation, says that the Defendant—he told you in his argument that the Defendant does not have to testify. The Court tells you that and he tells you that, that the Defendant does not. The Court—Mr. Grossheim, 'If the Defendant does not want to testify he does not have to testify. That is his right.' So, he did not testify. Ladies and gentlemen, use your common sense. *Why do you think he did not want to testify?*

"MR. GROSSHEIM: Objection, Your Honor, this comments on the failure of the defendant to testify.

"MR. SMITH [Prosecutor]: Your Honor, it's in complete response to Mr. Grossheim. He opened the door, Your Honor.

"MR. GROSSHEIM: I didn't open the door to that, Your Honor. I was merely explaining the instructions.

"MR. MANESS [Prosecutor]: Your Honor, he commented on it in pretty much detail. I think we have a—

"THE COURT: Overrule the objection.

"MR. GROSSHEIM: Note our exception.

"BY MR. SMITH: Use your common sense. He had nothing to say up here in his defense about that night. That's why he did not want to testify." (Emphasis supplied).

The State contends that the argument was invited and in response to the following argument by defense counsel:

"Now, let's go to—there are other instructions in here that I might just mention in the beginning. The Defendant— and more specifically on this instruction on the Defendant's failure to testify. It's not our burden to show him innocent. That's not our purpose; it's not our burden; it's not what we're required to do. They are required to prove him guilty. (So, if he doesn't want to testify, we don't have to make him testify.) He doesn't have to testify and it cannot be held against him because it's not our burden of proof. It's their burden of proof to establish his guilt as the circumstantial evidence instruction says to a moral certainty."

Initially, we observe that since the appellant's objection was overruled by the court, we are not presented with a question of whether a timely instruction cured the error in question. See *Garrison v. State*, 528 S.W.2d 837 (Tex.Cr.App.1975). Hence, the question squarely before us is whether or not the prosecutor's argument exceeded defense counsel's invitation to respond on the subject of his client's failure to testify.

■ Although the invited argument rule permits prosecutorial argument outside the record in response to a defense argument which goes outside the record, *Garrison v.*

*State,* supra at 840, a prosecutor must not stray beyond the scope of the invitation. *Kincaid v. State,* 534 S.W.2d 340, 342 (Tex. Cr.App.1976). We hold that the prosecutor's argument, in the present case, exceeded the scope of defense counsel's invitation and constituted an unjustified direct comment on appellant's failure to testify. See *Pollard v. State,* 552 S.W.2d 475 (Tex.Cr. App.1977).

The State relies on *Meador v. State,* 113 Tex.Cr.R. 357, 23 S.W.2d 382 (1929), a case where defense counsel made an extended argument on his client's failure to testify.[1] It was held that the prosecutor's comment on the defendant's failure to testify made in response to this argument did not exceed the scope of defense counsel's invitation because the latter had made "a plain unquestioned argument in favor of his client based on his [client's] refusal to testify" and had appealed "to the jury to look at his client's silence as similar to that of Jesus Christ upon His trial when He sat dumb before His accusers."

In *Garcia v. State,* 126 Tex.Cr.R. 208, 70 S.W.2d 996 (1934), also cited by the State, we held that the prosecutor's comment on the defendant's failure to testify was justified by the following argument by defense counsel:

" 'The state in this case, gentlemen, have their story and counsel is trying to get you to believe it, in the face of all the contradictions from the mouths of their own witnesses. You have heard only one side of the case, it is true, gentlemen, you have not heard the defendant's story in this case; but we feel, gentlemen, that it was not necessary for us to put in any evidence at all in this case—because we think that the state has failed to make out a case. They have failed to prove the guilt of this defendant beyond a reasonable doubt. The evidence produced by the state cannot convince you as reasonable men of this defendant's guilt.' "

---

1. The opinion of the Court in *Meador*, supra, does not contain a verbatim transcript of defense counsel's argument.

This was clearly an argument in favor of the defendant based on his failure to testify.

In *Broussard v. State,* 505 S.W.2d 282 (Tex.Cr.App.1974), cited by the State, defendant's counsel argued as follows:

" 'Now when this charge says that you are not to consider the defendant not testifying for any purpose, it means exactly that, and all of you swore to do your duty. Now this man on the stand is exposed to a skilled prosecutor, and he's not very smart. This one is not. But this man is, and he is good, and he would just cut him to pieces and he would probably convict him on something else other than what he's charged with here. And you mustn't do that, either. You saw what he tried to do with Leroy [a defense witness]. He wants you to convict Leroy of other things except what he's charged with in his case, and I'm asking you not to let him do it.' "

The prosecutor responded:

" '. . . The Judge has told you, on the second to last page, that this man didn't testify, and you can't take that as a circumstance against him. You see? Now, Mr. Carver, both of them get up and they say why he didn't testify, because they didn't want him to testify, because they didn't want to expose him to a rigorous cross-examination, see; by me—good old prosecutor, me, I'm gonna tear him up if I can. If he would tell the truth, nobody could tear him up—nobody.' "

This Court in *Broussard,* supra, held that the prosecutor's response was invited and therefore was not an improper comment on the defendant's failure to testify. Furthermore, it was held that defendant's counsel secured no ruling on his objection and therefore nothing was presented for review.

▇ Thus, the cases cited by the State share a common characteristic which distinguishes them from the present case. In those cases, defense counsel attempted to explain away or otherwise minimize the significance of the defendant's failure to testify. See also, *Slater v. State,* 166 Tex.

Cr.R. 606, 317 S.W.2d 203 (1958); *Evans v. State,* 127 Tex.Cr.R. 539, 78 S.W.2d 196 (1935); *Parker v. State,* 39 Tex.Cr.R. 262, 45 S.W. 812 (1898). In the present case, defense counsel merely stated that it was his client's right not to testify if he wished not to do so. We do not construe such an argument as an attempt to explain away the appellant's silence, nor was this argument an argument in favor of his client based on his client's refusal to testify. See *Broussard, Meador,* and *Garcia,* all supra.

We conclude therefore that the prosecutor's argument in the present case was uninvited and unjustified under the circumstances. Appellant's contention is sustained. See *Hunt v. State,* 28 Tex.App. 149, 12 S.W. 737 (1889).

The judgment is reversed and remanded.