**Randy Ray McCOLLISTER, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–94–180–CR.**

Court of Appeals of Texas,
Eastland.

July 25, 1996.

---

3.

Brenda Seale Gray, Breckenridge, for appellant.

Stephen F. Bristow, District Attorney, Graham, for appellee.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

ARNOT, Chief Justice.

The jury convicted Randy Ray McCollister of capital murder and made an affirmative deadly weapon finding. Since the State did not seek the death penalty, the trial court assessed the mandatory punishment of imprisonment for life.[1] Appellant has briefed four points of error. We affirm.

1. See Tex.Penal Code Ann. § 12.31 (Vernon 1994).

Appellant does not challenge the sufficiency of the evidence. The record shows that appellant murdered his 23–month–old stepdaughter on September 13, 1993. Appellant hit the victim with his fist above her eye, causing her to fall against the couch. Appellant hit the victim's head again. Then appellant picked the victim up and shook her until he noticed blood coming out of her mouth. He washed her off, put her in the car, and took her to the nursing home where his wife was working as an L.V.N. At that time, an ambulance was called. The victim was unconscious when she arrived at the nursing home and remained unconscious until she died four days later. In addition to the closed head injury, the victim had various bruises which occurred about the same time as the head injury. The victim died from trauma to her brain due to blunt force injuries of the head.

In the first point of error, appellant argues that the prosecutor improperly commented upon his failure to testify at trial. Appellant complains of the following closing argument:

[Defense counsel], I guess, would have [the paramedic] come up here and testify that, yeah, I know Randy McCollister intentionally did this. Well, [the paramedic] was too busy breathing for [the victim] and he didn't know this defendant anyway. Because you know why? You know why nobody could get up here and testify to anything about that? Because they weren't there. Uncontroverted facts, uncontested facts are that no one was present except this defendant and [the victim] when she was murdered.

Assuming that the prosecutor's argument was a comment upon appellant's failure to testify, we hold that it was invited by appellant. See *Nethery v. State,* 692 S.W.2d 686, 703 (Tex.Cr.App.1985), *cert. den'd,* 474 U.S. 1110, 106 S.Ct. 897, 88 L.Ed.2d 931 (1986); *Aitch v. State,* 879 S.W.2d 167 (Tex.App.—Houston [14th Dist.] 1994, pet'n ref'd). The record shows that the argument was made in response to appellant's closing argument concerning the element of intent:

[G]o through the eighteen or nineteen witnesses that took this stand and ask yourself which one of those witnesses took this stand and said that [appellant] intentionally caused the death of the child. I submit to you that after reviewing the testimony and being in here all during the testimony, that not one witness took that witness stand and said he intentionally caused the death of the child. And I think when you're going through the elements for murder you'll also find that not one witness took the stand and said that he intentionally committed an act clearly dangerous to human life. And you're not going to find a witness that said that he intentionally caused serious bodily injury to a child.

Furthermore, because appellant did not object at trial to the prosecutor's closing argument, nothing has been preserved for review unless the comment was so prejudicial that no instruction could have cured the harm. *Losada v. State*, 721 S.W.2d 305, 313 (Tex.Cr. App.1986). We find that an instruction could have cured any harm. The first point of error is overruled.

 In the second point, appellant contends that the statute under which he was convicted is unconstitutionally vague. In the third point, he contends that the trial court erred in denying his motion to quash. In the fourth point, appellant argues that there was error in the jury charge. These three points of error are based upon appellant's contention that a defendant must have had knowledge that the murder victim was under the age of six years under TEX.PENAL CODE ANN. § 19.03(a)(8) (Vernon 1994). Section 19.03(a)(8) provides that a person commits the offense of capital murder if he commits murder by intentionally or knowingly causing the death of an individual and "the person murders an individual under six years of age."

We hold that appellant's knowledge of the victim's age is not an element of the offense under Section 19.03(a)(8). Looking at the plain language of this statute, there is nothing to indicate that the accused must have known that his victim was younger than six years old. See and compare TEX.PENAL CODE ANN. § 19.03(a)(1) (Vernon 1994) in which the legislature explicitly stated that the accused must have known that the murder victim was a peace officer or fireman. We also hold that the language in Section 19.03(a)(8) is not unconstitutionally vague. A statute is not vague if it gives fair notice of the proscribed conduct. *Papachristou v. City of Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); *Bynum v. State*, 767 S.W.2d 769 (Tex.Cr.App.1989). Section 19.03(a)(8) is sufficient to give fair notice that it is a capital felony to murder a child under the age of six years. The second, third, and fourth points of error are overruled.

The judgment of the trial court is affirmed.