Willie James HUNTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–97–0051–CR.

Court of Appeals of Texas,
Amarillo.

Nov. 18, 1997.

David T. Duncan, Jr., Law Offices of David T. Duncan, Jr., Lubbock, for appellant.

William C. Sowder, Chad Meacham, Lubbock County District Attorneys, Lubbock, for appellee.

Before BOYD, C.J., and DODSON and QUINN, JJ.

QUINN, Justice.

Appellant, Willie James Hunter, appeals his conviction for murder and in two points of error attacks the trial court's refusal to grant him a mistrial. He was purportedly entitled to same because 1) the prosecutor improperly commented upon his failure to testify and 2) the instruction given the jurors to disregard said comment was insufficient to cure the harm. We overrule both points and affirm.

*Facts*

At the conclusion of the guilt/innocence phase of the trial, the topic of appellant's intent to commit murder arose. His counsel argued, during summation, that the prosecution had failed to prove same. In response, the following occurred:

State: Now, defense counsel spent, I would say, the majority of his argument talking about how we didn't prove

that at the time that Willie Hunter went to Robert Walker's house that he had the intent to kill J.J. Fox.

\* \* \*

I'm not saying that the defendant didn't have the intent to kill when he went over there. I'm saying that we don't have to prove that. All we have to prove is that he had the intent to kill when he pulled the trigger. That's all we have to prove.

Now, let's talk about the facts here. Defense counsel is saying that all we have is Robert Walker and that is true. That's because—and I'll guarantee you if we hadn't been able to tie up those shell casings to this thing, then he would have been talking about all the weaknesses of these elements.

Defense counsel—I mean, everyone is entitled to defense counsel, and that's good. Mr. Murray is over here trying to present the evidence in the best light for his client. And it's very heavy evidence against his client. And he's trying to present him in the best light and that's fine. He knows where there may be a weakness. It's really not, but think about it. *Sometimes there's only one witness to a murder other than the decedent, other than the person that is killed, and, of course, they can't testify. In this case, the only witness other than the defendant, and you can't consider—*

Defense: Your Honor, I object to that—

State: —*and you can't consider him not testifying. But the only witness—*

Defense: May we approach.

State: Sure. Just the facts of the case.

(Emphasis added). Thereafter, the trial judge excused the jury and entertained appellant's motions to instruct the jury to disregard the prosecutor's comment and for a mistrial. Upon agreeing to so instruct the jury, he also "ask[ed] ... [the prosecutor to] not make reference to the defendant being a

witness any further," and overruled the motion for mistrial. Then, once the jurors returned, they were told:

> Ladies and Gentlemen, [the prosecuting attorney's] argument was interrupted. He was in the process of making a statement. I'm going to instruct you to disregard that statement and refer you back to the charge.

No one objected to the instruction then given; nor did anyone attempt to amend it. However, the written charge given the jurors included the following:

> Our law provides that a defendant may testify in his own behalf if he elects to do so. This, however, is a privilege accorded a defendant, and in the event he elects not to testify, that fact cannot be taken as a circumstance against him. In this case, the defendant has elected not to testify, and you are instructed that you cannot and must not refer or allude to that fact throughout your deliberations, or take it into consideration for any purpose whatsoever as a circumstance against the defendant.

### Applicable Law

Here, appellant contends that the State commented upon his failure to testify in violation of the Fifth and Fourteenth Amendments to the United States Constitution, article 1, section 10 of the Texas Constitution, and article 38.08 of the Texas Code of Criminal Procedure.[1] He also posits that the instruction to disregard was insufficient to cure the harm since it did "not touch on the absolute impropriety of the statement." That is, it "did not point out which of the prosecutor's running comments to disregard" nor "what portion of the charge they were being referred back to." In response, the State "concedes that the trial court prosecutor made a direct comment on the fact that [appellant] failed to testify." Nevertheless, the comment was allegedly invited and,

---

1. Each not only recognizes that an accused may remain silent and forego incriminating himself but also prohibits the State from commenting upon that silence. And because appellant treats the rights created and prohibitions extended under each as coextensive, we too address them

together. *See Ex parte Shorthouse,* 640 S.W.2d 924, 928 (Tex.Crim.App.1982) (holding that the privilege against self-incrimination under art. 1, § 10 of the Texas Constitution is no broader than that embodied in the Fifth Amendment to the United States Constitution).

therefore, proper. Furthermore, the invitation was made, according to the State, when appellant's counsel questioned whether the State proved the element of intent and uttered that "the best evidence of what was in his mind" was the fact that appellant was apparently carrying a gas can and not a gun upon arriving at the fight.[2]

■ All recognize the general rule barring a prosecutor from commenting upon the failure of a defendant to testify. Yet, like most rules, this too has exceptions. That invoked here concerns the theory of invitation. That is, while the door is closed to the prosecutor making such a remark, the power lies with the defendant to open it. *Linder v. State,* 828 S.W.2d 290, 300–301 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd); *see Long v. State,* 823 S.W.2d 259, 269 (Tex.Crim.App.1991), *cert. denied,* 505 U.S. 1224, 112 S.Ct. 3042, 120 L.Ed.2d 910 (1992) (recognizing that an appellant may invite his opponent to comment upon his failure to testify). And, the defendant may do so by attempting to explain away or otherwise minimize the significance of his silence. *Franks v. State,* 574 S.W.2d 124, 127 (Tex.Crim.App.1978) (holding that the door is not opened by defense counsel urging the jurors to ignore the fact that his client did not testify, as opposed to trying to explain it away or minimize it). Similarly, the door may be opened by defense counsel suggesting that his client's silence somehow entitles him to some beneficial inference or other advantage. *Coleman v. State,* 643 S.W.2d 947, 951–52 (Tex.Crim. App.1982) (holding that the comment was invited since defense counsel first alluded to his client about being the "only one person here to tell you about" the murder, argued that no one else knew what happened, and

suggested that these circumstances were enough to warrant acquittal); *see Long v. State,* 823 S.W.2d at 269 (holding that the door was opened when defense counsel insinuated that the jurors lacked all the facts because appellant had not testified). Or, the requisite invitation to enter may be extended when defense counsel interjects tidbits about his silent client's knowledge, feelings, or potential testimony. *See Nethery v. State,* 692 S.W.2d 686, 703 (Tex.Crim.App.1985), *cert. denied,* 474 U.S. 1110, 106 S.Ct. 897, 88 L.Ed.2d 931 (1986) (holding that comment was invited when defense counsel alluded to his client's silence and then "referred to appellant's knowledge ... that *appellant knew* he was facing two police officers"); *Linder v. State,* 828 S.W.2d at 300–301 (holding that invitation was extended when counsel began discussing what his client allegedly "felt"). But, here, none of those situations arose.

■ Admittedly, defense counsel did attack the State's evidence touching upon intent to kill. Yet, he did not refer to or otherwise mention his client's silence while doing so. Indeed, the passage involving the "best evidence" alluded to the "best evidence" of intent presented by the State; it had nothing to do with appellant's silence. Nor did any of counsel's argument tend to 1) minimize or explain away appellant's silence, 2) suggest that some beneficial inference should be drawn from appellant's silence, or 3) interject information about what appellant thought or felt. In effect, trial counsel merely questioned whether the State proved an element of the crime, *i.e.,* intent, and that was not tantamount to inviting the prosecutor to comment upon appellant's failure to testify.[3] Nevertheless, the comment made by the prosecutor did not warrant mistrial.

**2.** As argued by defense counsel, "[p]eople you don't carry an antifreeze jug full of gasoline to a gunfight ... [i]f he was going over to kill him, he'd got out of that car with" a gun. In other words, appellant had not planned to shoot and kill the decedent. He simply wanted to torch a third-party's car when the confrontation happened.

**3.** To the extent *McCollister v. State,* 933 S.W.2d 170 (Tex.App.—Eastland 1996, no pet.) and *Aitch v. State,* 879 S.W.2d 167 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd) indicate that merely questioning the State's evidence of intent is suffi-

cient to invite violation of the constitutional and statutory prohibitions here involved, we believe them wrongly decided. Neither decision comported with the limitations placed upon the concept of invitation established by the Texas Court of Criminal Appeals in *Franks v. State,* 574 S.W.2d 124 (Tex.Crim.App.1978). Nor did either involve a situation wherein the appellant implied 1) that his silence should be construed favorably to him as in *Coleman v. State,* 643 S.W.2d 947 (Tex.Crim.App.1982) or 2) that the jurors had yet to hear all the facts because his client had not testified as in *Long v. State,* 823 S.W.2d 259

■ Ordinarily, improper jury argument can be cured by an instruction to disregard if the argument was not so inflammatory that its prejudicial effect could not reasonably be removed by such an admonition. *Long v. State,* 823 S.W.2d at 269. For instance, in *Long,* the State argued that only Long could provide the facts which his counsel said were missing. Long objected to the argument as being an inappropriate comment on his failure to testify. The objection was sustained, and the jury was told to " 'disregard the reference by State's attorney.' " *Id.* at 269. Shortly thereafter, the court also informed them that appellant had no burden to present any evidence. These instructions were apparently enough to ameliorate any harm arising from the inappropriate comment.

■ At bar, the court directed the jurors to disregard the prosecutor's comment. It further directed them "back to the charge" which had previously been read. That charge contained a passage clearly explaining not only appellant's right to remain silent but also the prohibition against considering his silence adversely.[4] Given this and the comparability between the situation before us and that in *Long,* we reach the same conclusion reached in *Long.* Our examination of the trial record fails to demonstrate that the prosecutor's argument was beyond cure by the admonishment given here. *See Bower v. State,* 769 S.W.2d 887, 906–907 (Tex.Crim. App.), *cert. denied,* 492 U.S. 927, 109 S.Ct. 3266, 106 L.Ed.2d 611 (1989), *overruled on other grounds,* 815 S.W.2d 681 (Tex.Crim. App.1991) (wherein the boilerplate instruction to disregard was enough to cure the prejudice of an improper comment). The evidence of appellant's guilt, the prosecutor's attempt to correct the effect of his comment upon realizing that he uttered the comment, the prosecutor's avoidance of further comment upon appellant's silence, and the in-

(Tex.Crim.App.1991). Should the concept of invitation merit extension to cover the simple argument that the State did not prove intent, we leave the task of so extending it to the Court of Criminal Appeals.

4. Appellant argues that this specific instruction should have been given when his objection was made. Yet, appellant did not request it. Nor did he object to the sufficiency of the instruction

struction and charge given lead us to conclude that the comment was not sufficiently prejudicial to warrant mistrial.

Accordingly, points one and two are overruled and the judgment is affirmed.

given at the time. Had he thought the instruction was deficient or had he wanted something more specific, it was incumbent upon him to ask for it. *See Tex.R.App. P.* 33.1. Nevertheless, the fact remains that the jurors were expressly told, in the charge, of appellant's right to remain silent and their inability to use that silence against him.