NO. 07-00-0331-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 27, 2001

______________________________

DIEN H. NGUYEN,

Appellant

v.

STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 179
TH
 DISTRICT COURT OF HARRIS COUNTY;

NO. 815,902; HON. J. MICHAEL WILKINSON, PRESIDING

_______________________________

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Dien H. Nguyen (appellant) appeals his conviction for aggravated robbery.  Through five points of error, he alleges that 1) the evidence was legally and factually insufficient to warrant a conviction, 2) the trial court erred in denying his motion to suppress the complainant’s out-of-court identification of him via a photo-spread, and 3) the trial court erred in denying appellant’s motion for mistrial after the prosecutor allegedly commented upon his failure to testify.  We affirm.

Background

On August 8, 1993, Andrew Phan (Phan), a student from Iowa, was working on a shrimp boat to earn money for college.  The boat stopped at Galveston that day.  Four workers on the shrimp boat and Phan decided to drive into Houston.  Phan, their designated driver, drove the group to a Korean modeling studio.  They arrived at their destination around midnight.  Two of the five were refused entry into the studio.  However, Phan and his remaining two compatriots entered.  Shortly thereafter, Phan left the facility, entered the car, and awaited the return of his co-workers.   

The car was parked on the street adjacent to the modeling studio.  Furthermore, the area was well lit by approximately six lights in the vicinity.  

While sitting in the car, Phan was approached by two Vietnamese men whom he believed were patrons of the studio.  The two men had exited from a white sedan wherein two other people remained.  One of the men, whom Phan later identified as appellant, pointed a gun at his head and the other, whom Phan later identified as co-defendant Ha, entered the vehicle through the passenger side.  When Ha opened the door, the dome light inside the vehicle lit.  Thereafter, appellant leaned into the driver’s side window and told Phan not to look at him and to give him his money.  In turn, Ha searched Phan’s person for valuables.  

As appellant and Ha began to leave, Phan grabbed what he believed to be a can of mace and sprayed them.  This caused appellant to spin and begin shooting wildly.  Phan then drove away, as someone from the white sedan also started shooting.  

As he drove away, Phan discovered he had a gunshot wound on his left thigh.  He sought help at a nearby gas station but received none.  Thus, he decided to drive to Galveston’s John Sealy Hospital.  Hospital personnel questioned him about the origin of the bullet wound.  The response given, however, mentioned nothing of the modeling studio since Phan was embarrassed about being shot in front of it.  Instead, he told them that he was accosted while attempting to help someone on the highway.

Several weeks later, Houston police detectives contacted Phan, who then told them about the robbery and shooting in front of the modeling studio.  They also asked him to purview some photos to see if he could identify his assailants.  Several folders of pictures were given him.  One spread contained the picture of appellant, whom Phan identified as the individual holding the gun.  Another group of photos contained the picture of Ha.  However, at trial, Phan could not identify either appellant or Ha as his attackers.  This was so because seven years had lapsed between the time of the incident and trial and, according to Phan, the appearance of people change with time.  

Point Three— Motion to Suppress Photo Spread
(footnote: 1)
 Appellant argues the trial court erred in overruling his motion to suppress Phan’s out-of-court identification of appellant as one of the robbers.  Suppression was allegedly appropriate because the identification was tainted by an unreasonably suggestive photo spread.  We disagree and overrule the point for several reasons.

First, the burden lies with the appellant to show by clear and convincing evidence that testimony of the identification was inadmissible.  
Barley v. State
, 906 S.W.2d 27, 33 (Tex.Crim.App.1995); 
Delk v. State
, 855 S.W.2d 700, 706 (Tex.Crim.App.1993).  Furthermore, to satisfy this burden, he must not only prove that the photographic display was impermissibly suggestive but also that the procedure utilized created a substantial likelihood of irreparable misidentification.  
Id
.  Nowhere at bar did appellant assert, much less argue, that the supposedly suggestive display created a substantial likelihood of irreparable misidentification.  Thus, he failed to carry his burden on appeal.

Second, in identifying appellant, Phan was “a hundred percent” certain of his choice.  That Phan could have been so certain is bolstered by the evidence that appellant was within mere inches of Phan.  As previously mentioned, appellant not only was close enough to Phan to place a gun to Phan’s head but also the area was illuminated by numerous lights and the car’s interior was illuminated by the vehicle’s dome light once Ha opened the door.  Given the proximity of Phan and appellant, the lumination of both the street and car interior, and Phan’s certainty about appellant being the assailant, any finding that the photo display did not create a substantial likelihood of irreparable misidentification (assuming 
arguendo
 that the display was unreasonably suggestive) would fall within the zone of reasonable disagreement.  
See State v. Montgomery
, 810 S.W.2d 372, 391-92 (Tex.Crim.App.1990) (stating that a decision does not constitute an abuse of discretion if it falls within the zone of reasonable disagreement).  Thus, the trial court’s decision to deny the motion was not an abuse of discretion.  
See Allridge v. State
, 850 S.W.2d 471, 492 (Tex.Crim.App.1991), 
cert. denied
, 510 U.S. 831, 114 S.Ct. 101, 126 L.Ed.2d 68 (1993) (holding that a decision to deny a motion to suppress and admit identification evidence is erroneous when it results in an abuse of discretion).

Points One and Two--Legal and Factual Sufficiency of the Evidence

Appellant next contends that the evidence was both legally and factually insufficient to prove his identity as the assailant.  We disagree and overrule the point.

Rather than reiterate the well-settled standards of review applicable to claims of legal and factual insufficiency, we cite the litigants to 
Jackson v. 
Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed.2d 560 (1979); 
King v. State
, 29 S.W.3d 556 (Tex.Crim.App.2000); 
Clewis v. State
, 922 S.W.2d 126 (Tex.Crim.App.1996); and 
Moreno v. State
, 755 S.W.2d 866, 867 (Tex.Crim.App.1988)
 for explanations of same.  Next, and as discussed above, Phan identified appellant as the individual who held the gun to his head.  Furthermore, the woman who ran the modeling studio also placed appellant at the scene shortly before the robbery.  This is more than some evidence upon which a rational jury could find, beyond reasonable doubt, that appellant was one of the persons committing the aggravated robbery.  And, such a finding would not be clearly wrong or manifestly unjust when tested against all the evidence of record.

Points Four and Five--Comment Upon Failure to Testify
 

Through the last two points, appellant argues that the trial court erred in denying his motion for mistrial due to the prosecutor’s comment on 
defendant Ha’s
 silence.  We disagree and overrule the point.

It is a truism that a prosecutor must not comment upon a defendant’s failure to testify.  
Hunter v. State
, 956 S.W.2d 143, 145 (Tex.App.–Amarillo 1997, pet. ref’d).  Yet, rules have their exceptions and applicable here is that of the theory of invitation.  
Id.
  That is, while the door is closed to the prosecutor from so commenting, the power lies with the defendant to open it.  
Id.
  Moreover, the defendant opens that door by attempting to 1) explain why he remained silent or 2) otherwise minimize the significance of his silence.  
Id.
; 
Franks v. State
, 574 S.W.2d 124, 127 (Tex.Crim.App.1978). 

Here, the prosecutor uttered the following during his summation: 

You know, Mr. Collins, in his argument asked you to speculate on why his client didn’t testify.  He did.  He asked you to think about that.  Well, I want you to think about it, too.  He knew way back in August of 1993 that he had been accused of robbing Andrew Phan in front of the Korean modeling studio.  Why didn’t he testify in this case?  
Let me suggest to you that Mr. Ha did not testify in this case because he’s guilty.
  (Emphasis added).

Furthermore, the argument of Mr. Collins to which the prosecutor alluded consisted of Ha’s defense counsel stating:

He’s done an excellent job with what he had to work with, ladies and gentlemen.  It’s not his fault with regards to what happened in regard to Andrew Phan’s attitude becoming the missing witness.  He brought you what he had; but unfortunately it’s not enough.  It’s not enough where you would say, well, why didn’t Mr. Ha testify in his own behalf?
  Well, you know what?  Based on the evidence you heard in this case, it would be ridiculous for me to have him testify in this case, because they don’t have a case.  They’ve not proven their case, much less, beyond a reasonable doubt 
. . . . (Emphasis added).

As can be seen, counsel for Ha first broached the matter of his client’s silence and, in doing so, attempted to explain why Ha did not testify.  This opened the door for the prosecutor to offer his own explanation.  
Hunter v. State
, 
supra
. 

In short, the better practice would have been for the prosecutor to have said nothing.  But, he cannot be faulted for entering the restricted zone once counsel for Ha invited him in.  So, because the comment was not improper, we cannot hold that the trial court erred in denying appellant’s motion for mistrial.  This is so even though it upheld the objection.  Simply put, if the comment was not improper in the first place, then the trial court did not err by failing to grant a mistrial because of it
(footnote: 2). 

Accordingly, we affirm the trial court’s rulings and judgment.

Brian Quinn

    Justice

Do Not Publish.

FOOTNOTES
1:
Due to the nature of appellant’s issues, we address them in logical sequence rather than the manner in which he presented them in his brief.

2:
We express no opinion on whether the State’s comment on one defendant’s failure to testify is either error or harmful as to a co-defendant such as appellant.