NO. 07-00-0332-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 9, 2001

______________________________

THANH QUAN HA,

Appellant

v.

STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 179
TH
 DISTRICT COURT OF HARRIS COUNTY;

NO. 806195; HON. J. MICHAEL WILKINSON, PRESIDING

_______________________________

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Thanh Quan Ha (appellant) was convicted in a jury trial for the felony offense of aggravated robbery.  Through six points of error, he alleges that 1) the evidence was legally and factually insufficient to support his conviction, 2) the trial court erred in denying his motion to suppress the complainant’s out-of-court identification of him via a photo-spread, and 3) the trial court erred in denying appellant’s motion for mistrial after the prosecutor allegedly commented upon his failure to testify.  We affirm.

Background

On August 8, 1993, Andrew Phan (Phan), a student from Iowa, was working on a shrimp boat to earn money for college.  The boat stopped at Galveston that day.  Four workers on the shrimp boat and Phan decided to drive into Houston.  Phan, their designated driver, drove the group to a Korean modeling studio.  They arrived at their destination around midnight.  Two of the five were refused entry into the studio.  However, Phan and his remaining two compatriots entered.  Shortly thereafter, Phan left the facility, entered the car, and awaited the return of his co-workers.   

The car was parked on the street adjacent to the modeling studio.  Furthermore, the area was well lit by approximately six lights in the vicinity.  

While sitting in the car, Phan was approached by two Vietnamese men whom he believed were patrons of the studio.  The two men had exited from a white sedan wherein two other people remained.  One of the men, whom Phan later identified as Dien Nguyen, pointed a gun at his head and the other, whom Phan later identified as appellant, entered the vehicle through the passenger side.  When appellant opened the door, the dome light inside the vehicle lit.  Thereafter, Nguyen leaned into the driver’s side window and told Phan not to look at him and to give him his money.  In turn, appellant searched Phan’s person for valuables.  

As appellant and Nguyen began to leave, Phan grabbed what he believed to be a can of mace and sprayed them.  This caused Nguyen to spin around and begin shooting wildly.  Phan then drove away, as someone from the white sedan also started shooting.  

As he drove away, Phan discovered he had a gunshot wound on his left thigh.  He sought help at a nearby gas station but received none.  Thus, he decided to drive to Galveston’s John Sealy Hospital.  Hospital personnel questioned him about the origin of the bullet wound.  The response given, however, mentioned nothing of the modeling studio since Phan was embarrassed about being shot in front of it.  Instead, he told them that he was accosted while attempting to help someone on the highway.

Several weeks later, Houston police detectives contacted Phan, who then told them about the robbery and shooting in front of the modeling studio.  They also asked him to purview some photos to see if he could identify his assailants.  Several folders of pictures were given him.  One spread contained the picture of Nguyen, whom Phan identified as the individual holding the gun.  Another group of photos contained the picture of appellant.  However, at trial, Phan could not identify either of the defendants (Nguyen and Ha were tried together) as his attackers.  This was so because seven years had lapsed between the time of the incident and trial, and, according to Phan, the appearance of people change with time.  

Point Three— Motion to Suppress Photo Spread
(footnote: 1)
 Appellant argues the trial court erred in overruling his motion to suppress Phan’s out-of-court identification of appellant as one of the robbers.  Suppression was allegedly appropriate because the identification was tainted by an unreasonably suggestive photo spread.  We disagree and overrule the point.

The burden lies with the appellant to show by clear and convincing evidence that testimony of the identification was inadmissible.  
Barley v. State
, 906 S.W.2d 27, 33 (Tex.Crim.App.1995); 
Delk v. State
, 855 S.W.2d 700, 706 (Tex.Crim.App.1993).  Furthermore, to satisfy this burden, he must not only prove that the photographic display was impermissibly suggestive but also that the procedure utilized created a substantial likelihood of irreparable misidentification.  
Id
. 

First, according to appellant,  the procedure utilized by the police was impermissibly suggestive because 1) the name “Park Place Boys” was mentioned on the photos (thus suggesting that one of the photos was that of the perpetrator), 2) in the background of appellant’s photograph appeared “height markers,” 3) on the page in which appellant’s photo appeared were the words “light complexion,” and  4) “[a]lmost all of the men depicted in  the [other photos] had a lot of hair as compared to appellant.”  As for the reference to  “Park Place Boys,” eighteen of the 24 pictures shown Phan contained the phrase.  Since eighteen pictures contained the phrase, logic suggests that it could hardly tend to draw any particular attention to photo of appellant.  

As for the height markers, same have been held not to be unduly suggestive, especially when they appear on other photos as well.  
Marsh v. State
, 800 S.W.2d 607, 609 (Tex. App.–Houston [14
th
 Dist.] 1990, pet. ref’d).  Here, at least sixteen of the 24 pictures contain the markers.  Thus, it can be hardly said that they drew undue attention to the photo of appellant.

As for the reference to complexion, at least six or the 24 pictures alluded to the complexion of the person depicted in the picture.  And, that appellant’s complexion was referred to as “light” when the picture fails to show him to be significantly lighter or darker than most other pictures further renders questionable any contention that the phrase drew attention to appellant.  Indeed, authority holds that the photos shown the victim need not be identical.  
Buxton v. State
, 699 S.W.2d 212, 216 (Tex. Crim. App. 1985).  

Furthermore, minor variations in appearance do not alone taint the identification procedure utilized when the subjects depicted are reasonably similar to one another.  
Bethune v. State
, 821 S.W.2d 222, 229 (Tex. App.–Houston [14
th
 Dist.] 1991), 
aff’d
, 828 S.W.2d 14 (Tex. Crim. App. 1992).  Here, comparison of the pictures illustrates the subjects to be reasonably similar.  Thus, the minor differences in complexion or hair length fail to render the identification procedure at bar 
per se
 suspect.  This is true when those indicia are considered alone and in conjunction with the others raised by appellant.

Second, in identifying appellant, Phan told the police (at the time) that he was certain about his selection.  That Phan could have been certain is bolstered by the evidence that appellant was within mere inches of Phan as appellant searched him for valuables after entering the car and engaging the dome light.   Given the proximity of Phan and appellant, the lumination of both the street and car interior, and Phan’s certainty about appellant being the assailant, any finding that the photo display did not create a substantial likelihood of irreparable misidentification
 would fall within the zone of reasonable disagreement.  
See State v. Montgomery
, 810 S.W.2d 372, 391-92 (Tex.Crim.App.1990) (stating that a decision does not constitute an abuse of discretion if it falls within the zone of reasonable disagreement).  Thus, the trial court’s decision to deny the motion was not an abuse of discretion.  
See Allridge v. State
, 850 S.W.2d 471, 492 (Tex.Crim.App.1991), 
cert. denied
, 510 U.S. 831, 114 S.Ct. 101, 126 L.Ed.2d 68 (1993) (holding that a decision to deny a motion to suppress and admit identification evidence is erroneous when it results in an abuse of discretion).

Points One and Two--Legal and Factual Sufficiency of the Evidence

Appellant next contends that the evidence was both legally and factually insufficient to prove his identity as the assailant.  We disagree and overrule the point.

Rather than reiterate the well-settled standards of review applicable to claims of legal and factual insufficiency, we cite the litigants to 
Jackson v. Virginia
, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed.2d 560 (1979); 
King v. State
, 29 S.W.3d 556 (Tex.Crim.App.2000); 
Clewis v. State
, 922 S.W.2d 126 (Tex.Crim.App.1996); and 
Moreno v. State
, 755 S.W.2d 866, 867 (Tex.Crim.App.1988)
 for explanations of same.  Next, and as discussed above, Phan identified appellant as the individual who entered the car to search his person.  This is more than some evidence upon which a rational jury could find, beyond reasonable doubt, that appellant was one of the persons committing the aggravated robbery.
(footnote: 2)  Thus, the verdict enjoyed legally sufficient evidentiary support.  Moreover, the factual determination is not rendered clearly wrong or manifestly unjust when tested against all the evidence of record; so, the verdict similarly enjoyed factually sufficient evidentiary support.

Points Four and Five--Comment Upon Failure to Testify
 

Through the last two points, appellant argues that the trial court erred in denying his motion for mistrial due to the prosecutor’s comment on appellant
’s silence.  We disagree and overrule the point.

It is a truism that a prosecutor must not comment upon a defendant’s failure to testify.  
Hunter v. State
, 956 S.W.2d 143, 145 (Tex.App.–Amarillo 1997, pet. ref’d).  Yet, rules have their exceptions and applicable here is that of the theory of invitation.  
Id.
  That is, while the door is closed to the prosecutor from so commenting, the power lies with the defendant to open it.  
Id.
  Moreover, the defendant opens that door by attempting to 1) explain why he remained silent or 2) otherwise minimize the significance of his silence.  
Id.
; 
Franks v. State
, 574 S.W.2d 124, 127 (Tex. Crim. App.1978). 

Here, the prosecutor uttered the following during his summation: 

You know, Mr. Collins [counsel for appellant], in his argument asked you to speculate on why his client didn’t testify.  He did.  He asked you to think about that.  Well, I want you to think about it, too.  He knew way back in August of 1993 that he had been accused of robbing Andrew Phan in front of the Korean modeling studio.  Why didn’t he testify in this case?  
Let me suggest to you that Mr. Ha did not testify in this case because he’s guilty.
 (Emphasis added).

Furthermore, the argument of Mr. Collins to which the prosecutor alluded consisted of appellant’s trial counsel stating:

He’s done an excellent job with what he had to work with, ladies and gentlemen.  It’s not his fault with regards to what happened in regard to Andrew Phan’s attitude becoming the missing witness.  He brought you what he had; but unfortunately it’s not enough.  It’s not enough where you would say, well, why didn’t Mr. Ha testify in his own behalf?
  Well, you know what?  Based on the evidence you heard in this case, it would be ridiculous for me to have him testify in this case, because they don’t have a case.  They’ve not proven their case, much less, beyond a reasonable doubt 
. . . . (Emphasis added).

As can be seen, counsel for appellant first broached the matter of his client’s silence and, in doing so, attempted to explain why Ha did not testify.  This opened the door for the prosecutor to offer his own explanation.  
Hunter v. State
, 
supra
. 

In short, the better practice would have been for the prosecutor to have said nothing.  But, he cannot be faulted for entering the restricted zone once counsel for appellant invited him in.  So, because the comment was not improper, we cannot hold that the trial court erred in denying appellant’s motion for mistrial.  This is so even though it upheld the objection.  Simply put, if the comment was not improper in the first place, then the trial court did not err by failing to grant a mistrial because of it. 

Accordingly, we affirm the trial court’s rulings and judgment.

Brian Quinn

    Justice

Do not publish.

FOOTNOTES
1:
Due to the nature of appellant’s issues, we address them in logical sequence rather than the manner in which he presented them in his brief.

2:
While appellant may be correct in arguing that a picture in a pen packet is alone insufficient to prove that the individual depicted in the picture and the accused on trial is one and the same person, 
Littles v. State
, 726 S.W.2d 26, 29 (Tex. Crim. App. 1984), that is not the situation before us.  Appearing in the record at bar is evidence not only of Phan’s selection of appellant’s photo as depicting one of the two individuals who accosted him but also testimony by a police officer that the person depicted in the photo was appellant.